## 11856

### CHAPMAN v. SMITH *ET AL.*

#### (130 S. E. 212)

COURTS—PROBATE COURT HAS NOT EXCLUSIVE JURISDICTION IN SETTLING ESTATES, AND ACTION ON GUARDIAN'S BOND AGAINST PERSONAL REPRESENTATIVES OF SURETY HELD WITHIN JURISDICTION OF COURT OF COMMON PLEAS.—Probate Court has not exclusive jurisdiction in settling estates, and action on bond given by guardian of estate of minor against legal and personal representatives of one of sureties whose estate was in process of administration *held* within jurisdiction of Court of Common Pleas.

Before WOLFE, SPECIAL JUDGE, Pickens, May, 1925. Reversed.

Action by Edna O. Chapman against Lloyd H. Smith and others. From judgment dismissing for want of jurisdiction, plaintiff appeals.

*Mr. John C. Henry,* for appellant, cites: *Jurisdiction of Probate Court:* Const. 1895, Art. 5, Sec. 19. *Case properly before law side of Court:* 128 S. E., 40. *Probate Court accountable to Court of Common Pleas:* 70 S. C.,

1. *Court of Common Pleas proper forum:* 4 S. C., 355; 12 S. C., 556; 19 S. C., 323; 111 S. C., 205.

*Messrs. Carey, Christopher & Chapman,* for respondents, cite: *Jurisdiction of Probate Court:* Const. 1895, Art. 5, Sec. 19; Civ. Code, 1922, Sec. 5547; Code Civ. Proc., 1922, Sec. 167. *Jurisdiction of Court of Common Pleas:* Const. 1895, Art. 5, Sec. 15.

November 10, 1925.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an action instituted in the Court of Common Pleas for Pickens County on a bond in penal sum of $250, dated July 11, 1910, signed by guardian of estate of the minor, appellant, with two sureties, for the faithful administration by said guardian of said minor's esatae of $111, and same was paid to said guardian upon his filing with Probate Court said bond. On May 25, 1917, guardian died, and no accounting of his acts was ever made by him to Probate Court, none appears in the record, no successor was ever appointed, and he died intestate, without estate, without legal representatives, and at time action brought without personal representative, other than plaintiff. Both sureties on bond have died, and plaintiff-appellant has become of age and brings this action to recoever $265; same being $111 as principal and $154 as interest at 7 per cent. for the time, on bond against respondents, who are the legal and personal representatives of one of said sureties; his estate being in process of administration.

Case was called for trial, and, without drawing a jury, Special Presiding. Judge Wolfe called for plaintiff's complaint, read same together with defendant's answer, and upon argument, and over protest of plaintiff's counsel, dismissed said complaint forthwith, on the ground that the Court of Common Pleas had no jurisdiction, but that the Court of Probate had exclusive jurisdiction.

The exceptions are sustained. The Court of Common Pleas had jurisdiction to try the cause under the Constitution. The powers of Courts of Equity have by the Constitution been vested in the Court of Common Pleas, and the distinction between actions at law and proceedings in equity has been abolished. See *Beatty v. National Surety Co.* (S. C.), 128 S. E., 40.

The Probate Court does not have exclusive jurisdiction in settling estates. A guardian, trustee, executor, or administrator can be required to account and settle an estate in the Court of Common Pleas.

If an issue on the law side of the Court is presented, then the law side of the Court of Common Pleas tries the law issue. If an equity question is presented, then that is tried on the equity side of the Court of Common Pleas.

His Honor was in error, and judgment is reversed.

MESSRS. JUSTICES and MARION and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.

MR. CHIEF JUSTICE GARY did not participate.