## 13798

AMERICAN SURETY CO. OF NEW YORK v. MUCKENFUSS
ET AL.

(173 S. E., 290)

Before MANN, J., Orangeburg, July, 1933.

*Messrs. Lee Royall* and *Geo. F. von Kolnitz,* for appellants,

*Messrs. Lide & Felder,* for respondent,

March 7, 1934.

The opinion of the Court was delivered by MR. W. C. COTHRAN, ACTING ASSOCIATE JUSTICE.

This action is rather a novel one, and a brief statement will serve to present its unusual facts.

The plaintiff, a corporation of the State of New York, was surety on the bond of D. O. Herbert, who was the administrator of the estate of B. F. Muckenfuss, deceased. The estate amounted to about $90,000.00, and the bond of the administrator was fixed at $125,000.00. By various petitions in the Probate Court the bond was reduced in different amounts so that at the commencement of this action it was only for $1,000.00.

D. O. Herbert was appointed administrator on May 24, 1922, and he died on February 13, 1931, before the estate of Mr. Muckenfuss was fully administered. This action was begun in July, 1933, more than three years after the death of Mr. Herbert, the administrator.

The defendants Julia S. Herbert and A. S. Herbert were made parties defendant in their capacity as executors of the will of D. O. Herbert, deceased, and A. S. Herbert was also named as a defendant, individually. The other defendants were made parties as heirs at law of B. F. Muckenfuss, deceased. The complaint alleges that the estate of B. F. Muckenfuss has never been closed and that certain assets of the estate are held by A. S. Herbert as trustee, agent, or attorney. It also alleges that there is no person appointed by the Court to hold these assets. It further alleges that it is in imminent danger of loss if the estate of D. O. Herbert is not wound up by A. S. Herbert as attorney. It further asks that all parties come into the Court of Common Pleas and present their claims against the estate of D. O. Herbert in order that said estate may be closed and that the bond be released. A final accounting by the executors of D. O. Herbert is also demanded. The defendants Julia S. Herbert and A. S. Herbert, as executors, and A. S. Herbert, individually, an-

swered the complaint; but, as no point is made as to this answer, it was not set out in the transcript.

The defendants Kate H. Muckenfuss, Elizabeth M. Dunn, and W. M. Muckenfuss, as executor of the estate of Mrs. A. J. Moore, deceased, demurred to the complaint. The demurrer was overruled and the cause ordered to trial. The exception which charges error on the part of the trial Judge in ordering the cause to immediate trial upon overruling the demurrer and before those defendants who had demurred had filed answers becomes immaterial in view of the fact that the Chief Justice of this Court passed an order of supersedeas in the cause and the trial was thereby suspended pending this appeal. A motion to vacate the order of the Chief Justice was heard by this Court on November 15, 1933, and was refused. The trial of the cause was thereby suspended pending this appeal, and the order of the Circuit Judge ordering the case to trial became a nullity.

The demurrer of the defendants was based upon several grounds, the principal one being the want of jurisdiction of the Court of Common Pleas to entertain this suit. Further grounds of the demurrer were that the complaint did not state facts sufficient to constitute a cause of action and that there was a defect of parties.

This action is primarily for the release of the plaintiff from the bond of D. O. Herbert as administrator of the estate of B. F. Muckenfuss, deceased. We gather two important facts from the order of the Circuit Judge overruling the demurrer—the one that there has been appointed an administrator *de bonis non* of the estate of B. F. Muckenfuss, and the other that there is now pending a suit against the plaintiff herein by one or more of the Muckenfuss heirs for an accounting during the time D. O. Herbert was administrator. Just when the second administrator was appointed does not appear, but we gather from the brief of counsel

that the appointment was made after this suit was commenced.

We are of opinion that the newly appointed administrator is a necessary party to the suit only in the event a final accounting was to be had and that he could have been made a party defendant as soon as he qualified. We cannot say that the complaint was subject to demurrer for defect of parties in not making a personal representative of the deceased a party when the first administrator or personal representative was dead and no successor had been appointed.

If the sole object of this suit had been to wind up the estate, such a suit as a creditor might bring, then the action could have been maintained in the Court of Common Pleas because of its concurrent jurisdiction with the Probate Court. *Beatty v. National Surety Co.,* 132 S. C., 45, 128 S. E., 40; *Epperson v. Jackson,* 83 S. C., 157, 65 S. E., 217; *Chapman v. Smith,* 133 S. C., 122, 130 S. E., 212.

But, as before stated, the primary object of the complaint was that the plaintiff might be relieved from the obligation of the bond. As an abstract proposition it mattered not to the plaintiff whether the estate of B. F. Muckenfuss was ever closed. Relief from the bond could only be had after the estate was closed or, in this case, after the acts and doings of the first administrator had been accepted by the Probate Court. The second administrator was evidently required to give a new bond, and the only matter of interest to the plaintiff herein was the correctness of the acts of D. O. Herbert, as administrator, up to the time of his death. Consequently, the plaintiff herein had no right to demand a final winding up of either estate. The plaintiff was not interested as a creditor of either estate and, therefore, could not come under the provisions of Section 9014 of the Code.

The only remedy which the plaintiff had was relief as to the obligation of the bond, if relief were proper, up to the time of the death of the administrator

whose bond the plaintiff had signed as surety. It, therefore, was not fatal to the complaint and did not constitute a defect of parties that a personal representative of the estate was not made a party defendant, whether such representative existed at the time the action was brought or not, for the reason, as above pointed out, that the plaintiff was not interested in the estate after the death of D. O. Herbert, administrator.

We, therefore, reach the conclusion that the plaintiff has a cause of action for relief on the bond only, and it remains to be considered whether the Court of Common Pleas could assume jurisdiction of that cause.

The complaint alleges that the plaintiff is in "imminent danger of loss" unless the Muckenfuss estate is wound up and closed. It would seem, therefore, that Section 8977 of the Code provides the very remedy which the plaintiff desires. That section is termed one of "exceptional privilege" and provides that the surety *shall* (italics supplied), bring his proceeding in the Probate Court for relief. While aware of the law as to concurrent power of the Court of Common Pleas to work in conjunction with (and separately, if necessary), the Probate Court and also with the equitable principles of granting relief in cases where the law does not afford a remedy, we are constrained to say that neither doctrine is applicable in this case. The enactment of the statute would strongly indicate that without it, sureties on administration bonds were without relief. The "proceeding" to administer the Muckenfuss estate had been in process for years in the Probate Court and through comity the Court of Common Pleas would decline to interfere. *Beatty v. National Surety Co., supra.*

As for the jurisdiction of the Court of Common Pleas in equity, recourse to the Court of equity can hardly be demanded when there is an adequate legal remedy supplied by statute. And, further, the Court in *Bellinger v. U. S. F. & G. Co.,* 115 S. C., at page 478, 106 S. E., 470, 473, declares:

"We apprehend that the Court of equity with its ample powers could not grant to a surety the relief which this statute accords to him; certainly a court of limited power could not, independently of the statute."

It will be noted, as pointed out in the *Bellinger case,* that the statute "does not provide the machinery for the discharge of a surety." It provides for his relief in such manner as will not impair the rights of those who have an interest in the estate. We do not apprehend that the plaintiff desired a cancellation of the bond *before* the Muckenfuss estate was finally closed.

We have examined carefully the cases cited by the respondent in this appeal, especially the cases of *Allen v. Cooley,* 53 S. C., 415, 31 S. E., 634, and *Norton v. Reid,* 11 S. C., 593, and find nothing in them to conflict with the jurisdictional question herein decided.

The decree of the Circuit Judge is reversed upon the ground that the Court of Common Pleas was without jurisdiction to hear this cause.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.