16941

CLAUDE R. DUNBAR, Appellant, v. CITY OF SPARTANBURG
*ET AL.,* Respondents

(85 S. E. (2d) 281)

*Claude R. Dunbar, Esq.,* of Spartanburg, *for Petitioner-Appellant,*

*John G. Galbraith, Esq.,* of Spartanburg, *for Respondents,*

362

*Messrs. Perrin, Ward & Perrin*, of Spartanburg, *for Respondents*

*Claude R. Dunbar, Esq.*, of Spartanburg, *for Petitioner-Appellant*

December 14, 1954.

J. Frank Eatmon, Acting Associate Justice.

This appeal stems from an order of Honorable J. Woodrow Lewis, as Presiding Judge of the Seventh Judicial Circuit, wherein he dismissed the petition of the appellant for a writ of *certiorari* and the rule to show cause issued thereon. The pertinent facts involved here are:

On July 20, 1953, a petition was signed by 18 persons, one of whom was the appellant, Claude R. Dunbar, addressed to the Mayor and City Council of the City of Spartanburg, petitioning for the re-zoning of Pine Street from Glendalyn Avenue to the city limits from "Residence II" to "Business I", and the formal petition was filed with the said City Council. Such petition was thereafter referred by the Mayor and Council to the Board of Adjustment of said city for the latter's report and recommendations as to the advisability of granting the request thereof, in accordance with Section 18 of the Zoning Ordinance of the City of Spartanburg. After a public hearing, as provided for by the Ordinance, the Board of Adjustment, by a three to two vote, recommended to the Mayor and Council the re-zoning of Pine Street as prayed for in the petition. After proper notice, the Mayor and City Council held a public hearing to consider and pass upon the petition, at which time an ob-

jection thereto was filed with the Council signed by 342 persons. After hearing all of the parties that desired to be heard Council refused to re-zone Pine Street. Following this action the appellant herein filed a petition for a writ of *certiorari* with the Court of Common Pleas and obtained an order from Honorable J. Robert Martin, Jr., Resident Judge, Thirteenth Judicial Circuit, requiring the City of Spartanburg, its Mayor and Councilmen, to show cause before Honorable J. Woodrow Lewis, who would be presiding in the Seventh Judicial Circuit on the return date, why the writ of *certiorari* prayed for by the appellant should not be granted.

The matter came on to be heard before Judge Lewis on December 7, 1953, at which time the respondents herein (other than the City of Spartanburg, the Mayor and the Councilmen) moved for leave to intervene. This motion was granted. By separate motions, the City and the intervening respondents moved that the order to show cause be dismissed. Craig & Zimmerman, of signers on the petition filed with the City Council, verbally moved through its attorney, that the names of all persons, other than Claude R. Dunbar, the appellant herein, named as petitioners in the caption of Judge Martin's order and in the petition resulting in such order, be stricken from the caption of this proceeding. None of the other petitioners before Council appeared personally or by counsel with reference to having their names stricken therefrom. All of the respondents joined in this motion. Thereafter, on December 15, 1953, Judge Lewis filed his order in which he dismissed the petition for writ of *certiorari* and the rule to show cause issued thereon.

From such order, the appellant has appealed upon 12 exceptions and the respondents have framed 16 additional grounds seeking to sustain the findings and holdings therein. From our view of this appeal, we do not think it necessary to set forth and severally consider the exceptions or sustaining grounds in this opinion; however, due consideration has been given to each.

It appears to us that the sole question that we need to consider for determination of this appeal is stated by appellant as follows, to wit: "Did the presiding judge commit reversible error in denying Appellant's Petition for writ of *certiorari?*"

A preliminary inquiry and discussion thereon will **■ 2** serve to clarify the situation here and the conclusion later reached on the question above stated. In refusing to re-zone Pine Street beginning at Glendalyn Street to the city limits from "Residence II" to "Business I", as requested by petitioners, did City Council act in its legislative, executive or judicial capacity? Initial passage of the Zoning Ordinance was patently legislative action on the part of City Council of the City of Spartanburg. " 'Ordinance' as a term of municipal law is the equivalent of 'legislative action' * * *." 62 C. J. S., Municipal Corporations, § 411, p. 785. There is no contention that the City of Spartanburg is without authority to pass zoning laws. The facts of this case clearly and unmistakenly show that the petition filed with the Mayor and Council was submitted pursuant to the provisions of Section 18 of the general Zoning Ordinance of the City of Spartanburg and said section provides the method, manner and conditions under which amendments of said Ordinance may be effected. Thus, petitioners thereby sought a change of or an amendment to the existing Ordinance and Council's refusal to favorably act thereon can be construed as nothing more nor less than the exercise of its legislative authority in that respect. It was within the prerogative of Council to refuse petitioners the relief sought under Section 18 of the Zoning Ordinance, and the matter of amendment thereby became final, for the Courts have no power to review or annul by *certiorari* the legislative acts of municipal officials.

"At common law and under the practice of most jurisdictions the writ of *certiorari* will lie to review only those acts which are judicial or quasi-judicial in nature. It does not lie to review or annul any judgment or proceeding which

is *legislative, executive, or ministerial rather than judicial. The writ does not lie to review the action of an inferior tribunal or board in the exercise of purely legislative functions."* (Emphasis added.) 10 Am. Jur. 533, Par. 10; *State ex rel. Rawlinson v. Ansel,* 76 S. C. 395, 57 S. E. 185.

A situation comparable to the case here could possibly arise as the result of an enactment by the General Assembly of South Carolina. It is conceivable that the Legislature might pass an act meeting with the disapproval of a vast majority of the people of the State. Those disapproving could all sign a petition to the Legislature requesting an amendment thereto and, upon its refusal to pass such amendment, the Court would be powerless, either by *mandamus, certiorari* or any other judicial process, to compel favorable action thereon by that body.

In the present instance, and in the sphere in which it is authorized to act, the City Officials of Spartanburg have the same general power and authority over legislative matters in that City as our Legislature has in the passage of laws governing the State of South Carolina.

While the petition filed by appellant, upon which Judge Martin issued the rule to show cause, purported to be on behalf of all of the 18 persons who had signed the original petition to the City Council, it alleged only grievances peculiar to and suffered only by appellant himself. It is manifest, therefore, from such allegations, that what appellant was seeking was a variance in the Zoning Ordinance as to his particular property, and that the petition should have been directed to the Board of Adjustment asking for an exemption or variance from the Ordinance. The Ordinance provides for such procedure and also for a review of the action of said Board of Adjustment.

The Zoning Ordinance adopted by Spartanburg April 14, 1950, provides under Sections 14, E. 1, E. 5 and F. an adequate remedy at law, if pursued. Appellant failed to first pursue the remedy provided by the

Ordinance, and, having failed to do so, was not entitled to a writ of *certiorari*.

We see no error committed by Judge Lewis, therefore, the judgment below is affirmed.

STUKES, OXNER and LEGGE, JJ., concur.

TAYLOR, J., disqualified.