17499

Lucy M. DEPASS, Appellant, v. CITY OF SPARTANBURG et al., Respondents

(107 S. E. (2d) 350)

*Messrs. Hyatt, DePass* and *Raman,* of Spartanburg, *for Appellant,*

*E. C. Burnett, Jr., Esq.,* of Spartanburg, *for Respondent,*

February 9, 1959.

STUKES, Chief Justice.

After the decision of *Richards v. City of Columbia,* 227 S. C. 538, 88 S. E. (2d) 683, the city council of Spartanburg enacted a Substandard Housing Rehabilitation ordinance similar to that under attack in that case, omitting the provisions there adjudged to be invalid. Reference may be had to the cited decision for a better understanding of the case at bar, which concerns enforcement of the Spartanburg ordinance.

Here plaintiff brought an action in equity, alleging:

The Urban Rehabilitation program is a "three-way deal" whereby (1) the owners of substandard houses are to rehabilitate them, (2) the city shall furnish adequate streets and lights, and (3) the tenants shall care for the property. Plaintiff owns twenty-four houses on named streets and alleys of the city. Under the ordinance owners have until a specified date to rehabilitate their houses and an additional period of three months to repair or demolish each additional dwelling, in excess of one, except that 20% of their respective houses must be brought into compliance each year. Plaintiff has spent $7,500.00 in the last year rehabilitating her houses and is in compliance with the ordinance. The city has not complied with its obligations in the matter of public improvements, streets, lights, etc., and has appropriated no funds therefor, without which there can be no permanent rehabilitation of the areas and plaintiff's rehabilitation of her houses would be wasted, resulting in the taking of her property without due process of law in violation of the state and federal constitutions. Despite plaintiff's status of compliance with the ordinance she was served by mail on August 8, 1957 with an order of the Rehabilitation Director requiring rehabilitation of eleven of her houses by September 8 folllowing, and notifying her of her right to a hearing should she request such within ten days. The order was void because: (a) plaintiff was in compliance with the ordinance; (b) the city was in default in its obligations; (c) the order was unreasonable and impossible of performance; (d) the order was not served personally or by registered mail as required by the ordinance; and (e) it constituted an attempt to take plaintiff's property without due process of law. Plaintiff requested hearing upon the order. Thereafter there was published a statement by the director in which he prejudged plaintiff's case before the hearing and accused her of gross violation of the ordinance, which was not true. On September 9 the director and the inspector condemned one of plaintiff's houses and placed a sign to that effect on it, which was in violation of due process. The sign was removed two days

later but it is still claimed that the house has been condemned which casts a cloud on plaintiff's title. Afterward plaintiff found her tenants upset by continuous inspections of the properties whereby plaintiff's rent collections were diminished and plaintiff is entitled to an injunction against further harassment of her tenants. On September 14 plaintiff received notice of hearing before the director on September 19 (on the day before which this action was brought and temporary restraining order obtained.) Repairs were made to some of plaintiff's houses after which they were inspected and certain remaining defects were called to plaintiff's attention which she corrected, but the director has stated that those houses had never been classified as unfit and could not be counted toward plaintiff's annual quota. Plaintiff made certain agreements with the city attorney with respect to one of her houses which the attorney afterward abrogated. The director has disqualified himself to conduct the hearing by his prejudgment of the case and by his demonstrations of bias and prejudice.

The foregoing fairly summarizes the thirty-three paragraphs of plaintiff's complaint; the twelve paragraphs of the prayer need not be stated. Upon it she obtained temporary injunction against the defendants from proceeding under the ordinance until further order of the court.

The defendants interposed demurrer to the complaint which was sustained and it was dismissed, principally upon the ground that the court of equity will not take jurisdiction of the controversy at this stage, before plaintiff has availed herself of the administrative remedies under the ordinance. With this we agree and the judgment will be affirmed.

"A party aggrieved by the application of an ordinance must invoke and exhaust the administrative remedies provided thereby before he may resort to the courts for relief." 62 C. J. S., Municipal Corporations, § 206, p. 384. "Courts are reluctant to interfere with ad-

ministrative action prior to its completion and in this sense not final. This reluctance has found expression in * * * the doctrine of exhaustion of administrative remedies and in a general requirement of final administrative action as a prerequisite to judicial review. * * * The doctrine of exhaustion of administrative remedies requires that where an administrative remedy is provided by statute, relief must be sought by exhausting this remedy before the courts will act. * * * The doctrine involves a policy of orderly procedure which favors a preliminary sifting process, particularly with respect to matters peculiarly within the competence of the administrative authority and serves to prevent attempts to swamp the courts by resort to them in the first instance. * * * The doctrine is sometimes said to rest upon the presumption that the administrative agency, if given a complete chance to pass upon the matter, will decide correctly." 42 Am. Jur. 573, 580, 581, Public Administrative Law, Secs. 194, 197.

Our prior decisions are generally in accord with the foregoing. For example see *American Surety Co. of New York v. Muckenfuss,* 172 S. C. 169, 173 S. E. 290; *Daniel v. Conestee Mills,* 183 S. C. 337, 191 S. E. 76; *Isgett v. Atlantic Coast Line R. Co.,* 223 S. C. 56, 74 S. E. (2d) 220; and *Dunbar v. City of Spartanburg,* 226 S. C. 360, 85 S. E. (2d) 281, 284. The last cited related to municipal zoning and concluded as follows: "Appellant failed to first pursue the remedy provided by the Ordinance, and, having failed to do so, was not entitled to a writ of certiorari." Here the instant plaintiff is likewise not entitled to maintain this action in equity.

Adverting briefly, however, to plaintiff's alleged grievances, her charge of disqualification of the Rehabilitation Director to hold the scheduled hearing concerning plaintiff's compliance with the ordinance is disposed of by the admission of counsel that he no longer occupies the office and his successor will hold the hearing, against whom there is no complaint of bias or prejudice. Moreover, the ordinance

provides for appeal by an aggrieved property-owner to the Rehabilitation Commission from any decision of the Director. Sec. 7.

■ The contention that the city cannot enforce the ordinance against plaintiff because it has not provided street paving and other improvements is untenable because, in any view, it is not bound to do so in advance of plaintiff's rehabilitation of her substandard houses. Moreover, it is conceded that the city has provided improved street lighting, and paving results from the petition or consent of the abutting owners (of which there is no allegation) who are required to contribute to the expense. Secs. 47-1341; 47-1342, Code of 1952.

■ The defendants have the right to make proper and reasonable inspections of plaintiff's houses, which was upheld in the *Richards case, supra.* Service of the notice upon plaintiff by ordinary, rather than registered, mail resulted in no prejudice to her; it is not contended that it was not duly and timely received. And pursuant to it plaintiff asked for a hearing.

The constitutional rights of the plaintiff are not affected by this decision and they remain unimpaired pending termination of the administrative proceedings which she is required to pursue and exhaust. Meanwhile equity will not entertain jurisdiction of the controversy. Dismissal of the action is affirmed without prejudice to such rights.

Affirmed.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.