18183

Robert L. LOMINICK, Appellant, v. CITY OF AIKEN, Helen Reilly Schwerin and Mary Jane Tewkesbury, in their own right and as representatives of the class of persons similarly situated, of whom Helen Reilly Schwerin is, Respondent.

(135 S. E. (2d) 305)

*Messrs. Lybrand, Simons & Rich,* of Aiken, and *Thomas H. Pope,* of Newberry, *for Appellant,*

*Messrs. Garvin, Williamson & Grant,* of Aiken, *for Respondent,*

March 12, 1964.

Bussey, Justice.

This action for relief by way of declaratory judgment arose out of the following facts. The plaintiff-appellant, a young registered pharmacist residing and employed in Aiken, in the year 1962 conceived the idea of buying a lot in that city, located at the intersection of Richland Avenue and Waterloo Street, for the purpose of erecting thereon a drug store. Richland Avenue, which passes in front of

the property, is one of the most heavily traveled roads in the state as both U. S. Highway No. 1 and Highway No. 78 empty their traffic into it.

The lot is in what is known as a professional zone or P zone under the Zoning Ordinance of the City of Aiken, and thereupon at the time was a rented residence. There are other residences in the area, but right across the street from the property is the hospital; nearby is a building housing the offices of numerous doctors, and within a two-block radius of the property there are located the Health Department, TB Association, a tire recapping place, a service station, a Western Auto type store, etc.

Section Xa of the Zoning Ordinance of the City of Aiken reads as follows:

"The following regulations shall apply in the P Zone:

"A. Permitted Uses:

"1. Any permitted use in the 'R' Zones may be permitted in the P Zone.

"2. Physicians, lawyers, accountants, engineers, architects and similar professional people who may occupy an entire building or group of buildings. Veterinarians are specifically excluded from the P Zone.

"3. Businesses which are incidental to the above professional practices, *e. g.,* prescription shops, optical sales, etc.

"4. Insurance offices, realtors' offices, etc., where the nature of the business is primarily one of personal service.

"5. Radio and television stations where transmitting towers are not on the same property."

Prior to taking any steps to actually acquire the real property, appellant and/or his attorney, during the month of August, 1962, had numerous conversations with various officials of the City of Aiken, including the Mayor, the City Manager, and the City Attorney, with respect to whether under the Zoning Ordinance appellant could upon purchase of said property construct thereon a drug store.

Under date of August 24, 1962, appellant's attorney submitted to the City Manager a formal request as to whether such a store would be consistent with the Zoning Ordinance. On September 25, 1962, appellant wrote to the City Manager of Aiken a letter which, with respect to his proposal, contained the following:

"The property on which the building is proposed to be constructed is located approximately midway between office building(s) which were built and are being used for offices for several medical doctors and the Aiken County Hospital. The general area, within a two-block radius, contains the aforesaid doctors' offices and the Aiken County Tuberculosis Association and the proposed new center of the Aiken County Crippled Children and Adults Association.

"The building which I propose to build will be of old brick and of a colonial type architecture. It will be approximately thirty-five (35) feet by seventy (70) feet, and the property will be landscaped so as to provide adequate parking facilities for customers and shrubbery to complement the property and the neighborhood.

"The primary business of the proposed structure will be the selling and dispensing of prescriptive drugs and hospital supplies. A small soda fountain, sufficient in size to accommodate ten (10) stools, will be located in the building. It is contemplated that tobacco, magazines and small gifts will be sold."

On September 27, 1962, the City Attorney gave an opinion in writing addressed to the City Manager wherein he said:

"In my opinion the proposed building and business intended to be carried on therein are incidental to the professional practices set forth in the comprehensive Zoning Ordinance, and a permit therefor should be issued."

Thereafter, acting on the assurances of the officials of the City of Aiken, appellant on October 8, 1962, at substantial sacrifice to himself, as well as at least one other

member of his family, acquired the lot in question for a consideration of fourteen thousand dollars. As a result of his enterprise, he was promptly fired by his employer, but proceeded with his plans. He notified the tenants in the property to vacate, which they did, so that he could demolish the residence thereon. The property rented for ninety dollars a month and at the time of the hearing on March 26, 1963, the property was still vacant and appellant, a married man with a family was still without a permanent job. Appellant completed detailed plans and specifications for the proposed drug store and filed the same with the Building Inspector for the City of Aiken, who, on October 30, 1962, issued Permit Number 56 authorizing the construction of the drug store in accordance with the proposal of the appellant.

Although, apparently out of an abundance of precaution, appellant and his attorney sought the advice of various officials of the City of Aiken before proceeding, including the City Attorney, it is clear that the administration of the Zoning Ordinance of the City of Aiken is vested in the Building Inspector. Applicable portions of Section XV of the Zoning Ordinance read as follows:

"ADMINISTRATION AND ENFORCEMENT.

"A. Enforcement by Building Official:

"It shall be the duty of the Building Inspector of the City of Aiken, South Carolina, to enforce the provisions of this Ordinance within the police jurisdiction of the City of Aiken in the manner and form and with the powers provided in laws of the State of South Carolina and in the City Charter of the City of Aiken.

"Every official and employee of the City of Aiken, South Carolina, who is vested with the duty or authority to issue a Building Permit shall conform to the provisions of this Ordinance and shall not issue a permit or license for any use, building or purpose if the same is in conflict with any provision of this Ordinance.

"Any permit or license or certificate issued in conflict with the provisions of this Ordinance shall be null and void."

\* \* \*

"After submitting plans and specifications to the Building Inspector, and upon issuance of a Building Permit, the applicant shall have complied with this Ordinance for all purposes, provided said building is constructed in accordance with approved plans and specifications and the applicable codes of the City of Aiken."

Section XVI of the Zoning Ordinance creates a Zoning Board of Adjustment for the City of Aiken and contains the following with respect to appeals thereto:

"B. Appeals, How Taken

"1. Appeals to the Zoning Board of Adjustment may be taken by any person aggrieved, or by any officer, department, board or bureau of the City affected by the decision.

"2. Such appeal shall be taken within ten (10) days after notice of the filing of the order, requirement or decision complained of by filing with the officer from whom the appeal is taken and with the Board of Adjustments a notice of appeal specifying the grounds thereof.

\* \* \*

"C. Powers

"The Zoning Board of Adjustment shall have the following powers:

"1. Review. The Board of Adjustment shall hear and decide appeals where it is alleged that there is error in any order, requirement, decision or determination made by an administrative official charged with the enforcement of the regulations established by this ordinance."

The same Section of the Ordinance provides for appeal from any decision of the Board of Adjustment to the Court of Common Pleas on questions of law only by any person aggrieved or by any taxpayer, or any officer, department, board or bureau of the municipality.

It is stipulated that respondent Schwerin and all other interested parties had actual knowledge of the issuance of the permit in question on November 1, 1962. It is undisputed that no appeal was taken by any one to the Board of Adjustment from the action of the Building Inspector in issuing the permit in question. The respondent Schwerin, however, and one Mary Jane Tewkesbury complained to City Council, rather than appealing to the Board of Adjustment, about the issuance of the permit. The respondent Schwerin owns and occupies a residence next door to the lot in question, facing on Richland Avenue. Mary Jane Tewkesbury was also the owner of a residence somewhere nearby.

As a result of the complaints of Schwerin and Tewkesbury, City Council of Aiken, at a regular meeting of council on November 12, heard protests about the issuance of the building permit but adjourned consideration of the matter to the regular meeting on November 26, 1962, at which meeting City Council, on a mere motion, voted to revoke Building Permit Number 56 which had been issued on October 30, 1962, but the appellant refused to surrender such permit. Thereafter, appellant, in an apparent effort to exhaust any possible administrative remedy available to him, on December 6, 1962, filed with the Zoning Board of Adjustment a notice and grounds of appeal from the action of City Council, following which, on December 26, the City Attorney advised the Board of Adjustment by letter that the appeal be dismissed, sending a copy of said letter to the plaintiff.

Thereafter, appellant commenced this action against the City of Aiken, the respondent Mrs. Helen Reilly Schwerin and Mary Jane Tewkesbury, as individuals and as representatives of a class of persons similarly situated, seeking relief as follows:

(1) An interpretation of Section Xa of the Zoning Ordinance of the City of Aiken to the effect that a drug store which he proposed to construct is within the class of permitted uses described therein;

(2) For a determination that a building permit issued to him is valid and of full force and effect;

(3) For a determination that the City of Aiken is equitably estopped to deny the validity of the said building permit;

(4) For judgment that the City Council was without authority to revoke the said building permit;

(5) For judgment that all defendants are barred from protesting the issuance of the building permit since no appeal was taken as provided by the Zoning Ordinance; and,

(6) For an order permanently enjoining all defendants from interfering with the construction and operation of the proposed building.

The defendant Tewkesbury defaulted. The defendant City of Aiken and respondent Schwerin filed answers denying that the appellant was entitled to the relief sought, and the respondent Schwerin, by way of counter claim, sought injunctive relief against the appellant.

The cause was referred, by consent, to the Master of Aiken County who held hearings and filed his report in which he found that the plaintiff was entitled to some equitable relief and that a new building permit entitled "Prescription Shop and limited Drug Store", with certain restriction on the articles to be sold, be issued to the appellant. He found such use to be in substantial compliance with the Zoning Ordinance in question.

The City of Aiken participated in the reference before the master and took exceptions to his report, but abandoned such exceptions and decided to take no part in further litigation, such decision being made known to respondent and the circuit judge. Respondent Schwerin adopted the exceptions of the City of Aiken and the matter was heard before the circuit judge on such exceptions, and exceptions of the appellant to the Master's Report. The order of the circuit judge modified the report of master in certain particulars and concluded that the appellant should be issued

a new building permit for a "Prescription Shop", and that he should be further limited in the items which could be sold in such shop.

The circuit judge construed Section Xa of the Zoning Ordinance of the City of Aiken adversely to the appellant, and held that the City of Aiken was not equitably estopped to deny the validity of the building permit issued to appellant. Neither the master nor the circuit judge apparently took into consideration appellant's contentions that the building permit issued to him was still valid and of full force and effect; that City Council was without authority to revoke the building permit; or the contention that the defendants were barred from raising any objection to the building permit as issued, since no appeal was taken as provided for in the Zoning Ordinance.

The exceptions of the appellant impute error to the circuit judge in failing to hold favorably to appellant in accordance with all of the foregoing contentions, which were not considered by the circuit judge. Additionally, appellant urges the circuit judge erred in his interpretation of Section Xa of the Zoning Ordinance and in his holding that the City of Aiken was not equitably estopped from denying the validity of the permit. For the reasons hereinafter set forth, we find it unnecessary to consider all of the questions raised on appeal.

Although the respondent argues that the City Council of Aiken did have the power and authority to revoke the building permit in question, no authority is cited in support of that contention and we are aware of no authority which would give the City such power under the facts and circumstances reflected by the record. There is no question as to the validity of the Zoning Ordinance adopted by the City of Aiken and by that Ordinance City Council vested the administration of the Zoning Ordinance in the Building Inspector of the City of Aiken and provided for appeal from any decision of his to the Zoning Board of Adjustment created under the Ordinance. The terms of the Ordinance,

in effect, provided for appeal by the City itself to the Board of Adjustment from any action of the Building Inspector. The Ordinance provides for appeals by any person aggrieved "or by any officer, department, board or bureau of the City affected by the decision" of the Building Inspector.

We are not here concerned with any arbitrary or fraudulent action by the Building Inspector; any action outside of and beyond the scope of his authorized duties; or any permit that was issued in either patent or flagrant violation of, or conflict with the provisions of, the Zoning Ordinance. We are rather concerned with an instance where the Building Inspector, in the good faith performance of his duties in compliance with the Ordinance, issued a permit after much consideration had been given as to the proper construction of the Ordinance and advice of the City Attorney had been obtained to the effect that the particular permit was proper and authorized by the terms of the Zoning Ordinance itself.

The City Council of Aiken based on nothing more than the fact that its interpretation of the Ordinance differed from the interpretation given by the City Attorney, with the full knowledge and inferential concurrence and approval of the Mayor and City Manager, proceeded to revoke the said permit by the process of a simple motion.

The situation here is analogous to the situation in *Central Realty Corp. v. Allison,* 218 S. C. 435, 63 S. E. (2d) 153. There it was contended that a resolution adopted by the City Council of Greenville had the effect of amending the zoning ordinance of that city. This court ruled adversely to such contention and we quote the following from that opinion.

"Indeed, it seems to be well settled that a 'resolution is not a law, and in substance there is no difference between a resolution, order, and motion'. 37 Am. Jur. 755; 43 C. J. 519; and 62 C. J. S., Municipal Corporations, §§ 412, 787.

"The following statement of the law as contained in 37 Am. Jur. 835, appears to be well supported by the authorities generally: 'Ordinarily, a municipal ordinance cannot be amended or repealed by a mere resolution. To accomplish that result a new ordinance must be passed. Some jurisdictions, moreover, have held that the same formalities necessary to the enactment of an ordinance must be observed in its repeal or amendment.'

"To permit the previous ordinance here, which conforms to Code Section 7393, to be amended or repealed by the indefinite motion or resolution above referred to would result, we believe, in repeated confusion."

The effect of the motion here adopted by City Council of Aiken, if valid, as applied to the facts of this case, was to repeal, at least in part, the Zoning Ordinance of the City of Aiken wherein administration of the Zoning Ordinance was entrusted to the Building Inspector, with appeals being provided for, from his decisions, to the Zoning Board of Adjustment. By its action City Council attempted to bypass the provisions of the Ordinance which it had enacted and exercise itself the appellate jurisdiction vested in the Zoning Board of Adjustment.

Under the facts and circumstances reflected by the record, the attempted revocation of the building permit by the City Council of Aiken was void and of no effect. It follows that the building permit issued to appellant is still valid and of full force and effect, and that he is entitled to proceed with the construction of the drug store and the occupancy and use thereof, in accordance with the plans and specifications filed with the Building Inspector, and the declaration of intent filed by the appellant with the City Manager, which under the facts and circumstances here was, in effect, a part and parcel of his application for the permit.

The respondent Schwerin has no standing in this court to challenge the validity of the building permit, nor is she entitled to any relief in this action. If the

interpretation placed upon the Zoning Ordinance of the City of Aiken by its City Attorney and the Building Inspector was, perchance, erroneous, the remedy of the respondent Schwerin was timely appeal to the Zoning Board of Adjustment, she having actual knowledge of the issuance of the permit as early as November 1, 1962. Instead of appealing thereto, she informally appealed to the City Council of Aiken, which had no legal jurisdiction to hear or decide appeals from the decision of the Building Inspector.

It is well settled in this state, as well as in most other jurisdictions, that generally the exhaustion of administrative relief available to a party is necessary before the party can seek redress in the courts. *Stanley v. Gary,* 237 S. C. 237, 116 S. E. (2d) 843; *Pullman Company v. Public Service Commission,* 234 S. C. 365, 108 S. E. (2d) 571; *DePass v. City of Spartanburg,* 234 S. C. 198, 107 S. E. (2d) 350; *Isgett v. Atlantic Coast Line R. Co.,* 223 S. C. 56, 74 S. E. (2d) 220; *Dunbar v. City of Spartanburg,* 226 S. C. 360, 85 S. E. (2d) 281. We see nothing in the facts and circumstances of the instant case which would remove or distinguish it from the general rule. It was incumbent upon the respondent Schwerin and, for that matter, the City Council of Aiken to appeal to the Zoning Board of Adjustment from the decision of the Building Inspector if they, or either of them, considered his decision erroneous. Not having done so, she cannot now attack the validity of his decision.

It is our conclusion that the judgment of the lower court, for the reasons herein set forth should be and the same is hereby reversed and the cause remanded for entry of judgment in favor of the appellant in accordance with the views herein expressed.

Reversed and remanded.

TAYLOR, C. J., and MOSS, LEWIS and BRAILSFORD, JJ., concur.