ROBERT J. CORNELL, ALBERT MULLER AND HARLAND B. PRATT, PLAINTIFFS-APPELLANTS, v. MAYOR AND COUNCIL OF BOROUGH OF WATCHUNG AND THE BOROUGH OF WATCHUNG, A MUNICIPAL CORP., DEFENDANTS-RESPONDENTS.

Argued April 10, 1967—Decided May 8, 1967.

Mr. *Richard F. Aronsohn* argued the cause for appellants (*Messrs. Shavick, Thevos, Stern, Scholz & Steiger,* attorneys; Mr. *Aronsohn,* of counsel and on the brief).

Mr. *Harold G. Pierson* argued the cause for respondents.

The opinion of the court was delivered

PER CURIAM. The trial court entered judgment in favor of the defendants on plaintiffs' complaint that the governing body of the municipality may not properly enact a local sewer improvement ordinance when an essentially identical ordinance, previously passed by the governing body, was rejected by the voters in a referendum election.

On October 28, 1965 defendant council unanimously adopted an ordinance authorizing construction of a sewer system. A protest petition was filed by the required number of taxpayers thereby holding up the effectiveness of the ordinance pending a ratification at a special election. *N. J. S. A.* 40:49–9 and 40:49–27. The taxpayers stated that while not opposed to the sewer construction, they were opposed to this particular ordinance because of the lack of participation by the borough in trying to obtain Federal or State funds.

On January 13, 1966 the council passed a resolution calling for a public referendum. The ordinance was rejected on March 1, 1966 by eight votes, 382–374.

On March 10 a "new" ordinance, identical with the one rejected by the voters, was introduced and passed on the first reading. Again complaints were made about the apparent lack of participation in Federal funds. On April 14, 1966 an amendment to the proposed ordinance was introduced, which permitted the municipality to reduce the general municipal indebtedness upon receipt of any Federal funds for the sewer project. Thereafter this ordinance was adopted. No protest petition was filed with the council.

On May 17, 1966 plaintiffs filed a complaint in lieu of prerogative writ. As stated above, the trial court rendered a decision in favor of the defendants. Plaintiffs appealed. Before argument in the Appellate Division, we granted plaintiffs' application (in which defendants joined) for certification. *R. R.* 1:10–1A.

The *New Jersey Constitution, Art.* 4, § VII, *par.* 11 provides:

"The provisions of this Constitution and of any law concerning municipal corporations formed for local government, or concerning counties, shall be liberally construed in their favor. The powers of counties and such municipal corporations shall include not only those granted in express terms but also those of necessary or fair implication, or incident to the powers expressly conferred, or essential thereto, and not inconsistent with or prohibited by this Constitution or by law."

We find no statutory authority limiting the discretion of the municipal council in passing this ordinance and, unless the Legislature has mandated against such procedures, no bar to the council's action exists. We see no reason to hamstring the discretion of the municipal governing body by imposing a limitation on it not required by explicit statutory or constitutional mandate. The municipal residents have an immediate remedy by way of a petition or protest and an ultimate remedy through the exercise of their voting rights at municipal elections.

Affirmed; no costs.

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—None.