*893 OPINION OF THE COURT
Arthur E. Blyn, J.
In this article 78 proceeding, petitioners Phil Caruso, as president of the Patrolmen’s Benevolent Association of the City of New York (PBA), a public sector labor union, and the PBA seek a judgment declaring Local Law No. 13-A null and void.
Petitioners contend that Local Law No. 13-A, which is an amendment to section 440 of chapter 18 of the New York City Charter, was enacted by the New York City Council without authority, because it amends a Charter provision previously enacted by voter initiative in 1966.[1] Respondents cross-move to dismiss the petition on the ground it fails to state a cause of action.
In May 1966, the New York City Police Commissioner established, by administrative order, an advisory review board consisting of 4 members appointed by the Mayor and 3 members appointed by the Police Commissioner to review civilian complaints against police officers and to recommend whether formal charges should be preferred based on civilian complaints. On July 7, 1966, petitions were filed (on behalf of the PBA) with the City Clerk calling for submission of a proposed Charter amendment to the voters at the general election of November 1966. The PBA sought to limit membership on the review board to full-time employees of the police department. After litigation, the proposed Charter amendment appeared on the ballot in the general election of 1966 and was adopted by the voters.
This voter-initiated measure became section 440 of chapter 18 of the Charter, which provided that no person could be appointed to the Civilian Complaint Review Board (CCRB) unless the person was, for a period of at least one year prior to the appointment, a regularly appointed full-time member or full-time administrative employee of the police department.
*894 On November 6, 1986, the New York City Council passed Local Law No. 13-A, which amended section 440 of the City Charter, and eliminated the requirement that CCRB members be full-time police department employees. Local Law No. 13-A instead provides that the CCRB shall be comprised of 12 members, 6 of whom are civilians representing the five boroughs and the city-at-large. The Mayor of the City of New York signed the Council measure into law on November 24, 1986. Petitioners thereafter commenced this proceeding challenging Local Law No. 13-A as null and void. Respondents argue that the Council possesses the authority to amend section 440 of the Charter notwithstanding that it was enacted by voter initiative in 1966.
Municipalities in New York, in relation to matters which are local and municipal in character, have been granted "home-rule” under the Constitution of this State. By virtue of this grant, municipalities possess broad powers of legislation and administration of their affairs provided there exits no express or implied prohibition by the Constitution or the general law (NY Const, art IX, § 1 [a]; § 2 [b] [1]; [c] [i]).
Section 10 of the Municipal Home Rule Law implements this constitutional grant by providing local governments the power to adopt and amend local laws not inconsistent with the State Constitution or any general law relating to their property, affairs or government. Section 42 of the New York City Charter allows that the Charter may be amended by the City Council, and in some instances, not applicable herein, by vote of the electors. Section 37 of the Municipal Home Rule Law provides that a city charter may be amended by voter initiative as an alternative to legislative enactment.
As petitioners concede, the Charter is silent on the question of whether the Council may amend or repeal a local law enacted by voter initiative. Petitioners further acknowledge that there is no explicit statutory or constitutional limitation on the Council’s general authority to amend the Charter by local law (see, Municipal Home Rule Law § 37; NY City Charter §§ 27, 34, 42), for the reason that it was originally voter initiated. Rather, they argue that the Council implicitly lacks the power to amend section 440 of the Charter, previously enacted by the voters. To determine otherwise, petitioners contend, will result in an abuse of power by the Council and render meaningless the voters’ right to enact Charter amendments, or at the least promote a confused series of *895 enactments and reenactments followed by voters’ initiatives and voter approval.
As the parties correctly note, a sparsity of case law exists in New York relating to the issue of legislative amendment of voter-initiated laws. Contrary to the urging of petitioners, Halfmoon Bridge Co. v Canal Bd. (91 Misc 600 [Sup Ct, Saratoga County 1915]) does not provide support for their argument that the Council implicitly is without authority to amend a section of the Charter enacted by the voters. Half-moon involved an explicit provision in the State Constitution limiting the Legislature’s power to amend voter-approved legislation relating to the contracting of work and the incurrence of debt for barge canal construction.
Other jurisdictions have addressed the issue of whether legislative bodies may amend or repeal measures previously enacted by voter initiative. Some State courts have dealt with the situation presented in Halfmoon (supra), that is, an explicit prohibition or limitation on the respective legislative bodies’ right to amend or repeal laws enacted by the voter initative (see, e.g., Warren v Thomas, 568 P2d 400 [Alaska 1977]).[2] Those courts which have reached the question of whether there is an implicit restraint on a legislative amendment or repeal of laws initiated by the voters have split on the answer.[3]
The better answer appears to be that the laws proposed and *896 enacted by the people under an initiative provision are subject to the same constitutional, statutory and charter limitations as those passed by the Legislature and are entitled to no greater sanctity or dignity (see, Luker v Curtis, 64 Idaho 703, 136 P2d 978 [1943]). Inasmuch as a legislative body may modify or abolish its predecessor’s acts subject only to its own discretion (see, e.g., Farrington v Pinckney, 1 NY2d 74, 82), it likewise should be able, in the absence of an express regulation or restriction, to amend or repeal an enactment by the electorate, its coordinate unit, and vice versa.
In the instant case, 20 years have elapsed between the time of the enactment by the voters and the subsequent amendment by the Council, during which period the voters’ wishes presumably were being enforced as reflected in section 440 of the Charter. To the extent that the Council passed a local law amending the Charter, and the Council represents the people, it may be considered that the vox populi, which secured the initiated legislation, changed its own voice.
Even assuming the Council immediately amended the Charter following the voter initiative, petitioners and other eligible voters would not be without remedies. They could reenact the Charter provision, elect other Council members who more closely follow their views (see, Luker v Curtis, 64 Idaho 703, 136 P2d 978, 979, supra), or amend the Constitution, the Municipal Home Rule Law, or perhaps the Charter, to control or curb Council powers with respect to initiated legislation (see, e.g., Wash Const, 7th Amend, art II, § 1).
Petitioners concede that as a general proposition, enactment by the electorate is the less preferred method, in New York, of passing laws. Under the Charter, for a local law to be passed by the Council it first must be introduced, printed and provided to Council members at least seven calendar days, (exclusive of Sundays), before its final passage.[4] Council members have the opportunity to debate, make amendments, discuss and analyze the proposed law. On the other hand, an initiative measure, seeking to amend the Charter, is proposed by a group of qualified electors, without opportunity for its amendment prior to passage, and generally, without opportunity for consideration by the electorate unit its reproduction in local newspapers or its appearance on the ballot (see, Municipal Home Rule Law § 37).
*897 This court, therefore, concludes that absent explicit indication to the contrary, the Council is vested with the power to amend section 440 of the Charter notwithstanding that it was voter initiated, which is consistent with the statutory mandate that the home rule provisions be liberally construed to effectuate their purposes (see, Municipal Home Rule Law § 51).
Accordingly, the cross motion is granted and the petition is dismissed for failure to state a cause of action.

. Although petitioners refer to section 440 of the Charter as having been enacted by voter "referendum” in 1966, under section 37 of the Municipal Home Rule Law, local laws amending Charter provisions are considered "initiated” by petition of qualified electors (see, Matter of Cassese v Katz, 26 AD2d 248, affd 18 NY2d 694). "Generally speaking, the initiative, in the case of municipal legislation, is initiation of municipal legislation and enactment or rejection thereof by the municipal electorate in the event the proposed measure is not enacted by their elected representatives * * * Referendum [on the other hand] is the right of people to have an act passed by the legislative body submitted for their approval or rejection” (5 McQuillin, Municipal Corporations §§ 16.52, 16.53, at 188-189 [3d ed rev]).

. California, in its Constitution, reserves considerable law-making power to the people (Cal Const, art II, § 8 [a]; § 9 [a]). California courts have held the power of initiative there is conferred "without limitation”, and "is, in the sense that it gives [the people] the final legislative word, a limitation upon the power of the Legislature” (Carlson v Cory, 139 Cal App 3d 724, 728, 189 Cal Rptr 185, 187). Moreover, under section 4013 of the California Elections Code, "an ordinance adopted by initiative may not be amended or repealed except by vote of the people, absent a provision otherwise in the initiative ordinance” (C-Y Dev. Co. v City of Redlands, 137 Cal App 3d 926, 932, 187 Cal Rptr 370, 374 [emphasis added]).

. In favor of implied restraint, see e.g., Town of Trumbull v Ehrsam, 148 Conn 47, 166 A2d 844 (1966); Stetson v City of Seattle, 74 Wash 606, 134 P 494, 495 (1913); against implied restraint, see, e.g., Board of Trustees v Mathias, 109 Ill App 3d 894, 441 NE2d 362 (1982); Bird v Town of Old Orchard Beach, 426 A2d 370 (Me 1981); McKann v Town of Irvington, 133 NJL 63, 42 A2d 391 (1945), affd 133 NJL 575, 45 A2d 494; Cornell v Mayor & Council of Borough of Wachtung, 49 NJ 235, 229 A2d 630; generally, Annotation, Power of legislative body to amend, repeal or abrogate initiative or referendum measure, or to enact measure defeated on referendum, 33 ALR2d 1118 (1956); see also, 42 Am Jur 2d, Initiative and Referendum, § 58 (1969); 1A Sutherland, Statutory Construction, § 23.23, at 394 (4th ed); 5 McQuillin, Municipal Corporations, § 16.53, at 189 (3d ed rev).

. In certain circumstances, however, when the Mayor certifies the necessity for doing so, the Council may act immediately to pass a bill (NY City Charter § 37).