486 S.E.2d 95

Floyd TOWNSEND, Nancy McLaurin,
and Elise Cain, Appellants,

v.

The CITY OF DILLON, A Municipal Corporation, and L. Carl
Huggins, Jr., Kenneth H. Stephens, J. Phillip Wallace, Ja-novice
G. Richardson, Marie Altman, and Randolph S. Gurley, all in
their official capacities as Dillon City Council members, and E.
Craig Stephens, in his official capacity as Mayor of the City of
Dillon, James D. Corl, III, in his official capacity as City
Manager, and the County of Dillon, South Carolina, Respondents.

No. 24624.

Supreme Court of South Carolina.

Heard April 16, 1997.
Decided June 2, 1997.

Daniel Holt Shine and Lois Eargle McMillan, of Law Offices of Daniel H. Shine, Dillon, for appellants.

John D. McInnis, Jr., Dillon, for Respondents City of Dillon, L. Carl Huggins, Jr., Kenneth H. Stephens, J. Phillip Wallace, Ja-novice G. Richardson, Marie Altman, Randolph S. Gurley, E. Craig Stephens, James D. Corl, III.

Charles Curry, Dillon, for Respondent The County of Dillon.

BURNETT, Justice:

Appellants (Citizens) challenge the constitutionality of City of Dillon's Ordinance 95–15 which effectively repealed Ordinance 91–35. Citizens argue because Ordinance 91–35 had been proposed by voter initiative, Respondent (the City Council) was required to obtain voter approval to repeal the ordinance. The trial court upheld the constitutionality of Ordinance 95–15. We affirm.

## FACTS

In June 1991, Citizens and other registered voters in the City of Dillon petitioned the City Council to pass an ordinance which, in effect, prohibited the renaming of streets within the city limits for "911" emergency telephone service or other purposes. The City Council unanimously passed the initiative petition, designating it as Ordinance 91–35.

In 1995, a proposal for a uniform road naming and numbering system for purposes of "911" service was submitted to the

City Council by Respondent Dillon County. The City Council passed this proposal as Ordinance 95–15 without submitting it to the voters for a referendum. The parties agree Ordinance 95–15 effectively repealed Ordinance 91–35.

## ISSUES

1. Must an ordinance which is proposed by voter initiative be repealed by vote of the electorate?

2. Was the City Council required to submit Ordinance 95–15 to the City Planning Commission for consideration prior to its approval?

## DISCUSSION

### I.

 Citizens argue an ordinance which is proposed by voter initiative can only be repealed by vote of the electorate. We disagree.

Municipalities have the authority to enact regulations, resolutions, and ordinances which are not inconsistent with the South Carolina Constitution and general law of the State. S.C.Code Ann. § 5–7–30 (1976). In general, ordinances are repealed by the passage of a new ordinance. *Simpkins v. City of Gaffney,* 315 S.C. 26, 431 S.E.2d 592 (Ct.App.1993), citing *Lominick v. City of Aiken,* 244 S.C. 32, 135 S.E.2d 305 (1964).

Pursuant to provisions contained in S.C.Code Ann. §§ 5–17–10 to –30 (1976), the electors of a municipality may submit a proposed ordinance to the municipal council for consideration. If the municipal council fails to pass the voter initiated proposal, the council is required to submit the proposal to the electors for a referendum.

Neither the South Carolina Constitution, § 5–7–30, nor §§ 5–17–10 to –30 impose any limitation on the ability of a municipality to repeal a voter initiated ordinance. Accordingly, in South Carolina, there is no explicit restraint on a municipality's ability to repeal a voter initiated ordinance.

Although some states impose a restraint on the legislative body's right to repeal a voter initiated provision even where no

explicit restraint exists, the majority of jurisdictions conclude, where there are no explicit constitutional or statutory restraints, a voter initiated ordinance may be repealed by the same procedure as non-initiated ordinances.[1] We agree and hold an ordinance which repeals a voter initiated ordinance need not be submitted to the electorate for approval. If dissatisfied with the municipal council's repeal of a voter initiated ordinance, the electorate's immediate remedy is to initiate a petition to reenact the original ordinance and, ultimately, to refuse to reelect those members of council who passed the ordinance repealing the voter initiated ordinance.

## II.

■ Citizens contend the City Council was required by S.C.Code Ann. §§ 5–23–550, –690, and –700 (1976) to submit Ordinance 95–15 to the City Planning Commission for its consideration prior to passage of the ordinance. We disagree.

This issue was not ruled on by the trial judge and, therefore, is not preserved for appeal. *Rickborn v. Liberty Life Insurance Co.*, 321 S.C. 291, 468 S.E.2d 292 (1996).

■ In any event, contrary to Citizens' allegations, §§ 5–23–550, –690, and –700 did not require the City Council to submit Ordinance 95–15 to the Dillon Planning Commission for its consideration prior to its passage by the City Council. Section 5–23–550 requires new streets, squares, public buildings, and parks which will be located in a planned district to be submitted to and approved by the city planning commission prior to construction. Section 5–23–690 authorizes the planning commission to approve the names of streets. Section 5–

---

1. *Cf. Allen v. Hollingsworth*, 246 Ky. 812, 56 S.W.2d 530 (1933); *Stetson v. City of Seattle*, 74 Wash. 606, 134 P. 494 (Wa.1913) *with Board of Trustees of Village of Rosemont, Cook County v. Mathias*, 109 Ill.App.3d 894, 65 Ill.Dec. 449, 441 N.E.2d 362 (1st Dist.1982); *Bird v. Town of Old Orchard Beach*, 426 A.2d 370 (Me.1981); *Cornell v. Mayor & Council of Borough of Watchung*, 49 N.J. 235, 229 A.2d 630 (1967); *Caruso v. City of New York*, 136 Misc.2d 892, 517 N.Y.S.2d 897 (N.Y.1987); *Mihocka v. Ziegler*, 28 Ohio Misc. 105, 274 N.E.2d 583 (Ohio 1971); *Granger v. City of Tulsa*, 174 Okla. 565, 51 P.2d 567 (1935).

23–700 establishes the procedure for a planning commission to change the names of streets.

Ordinance 95–15 only requires the City Council to establish a system for naming roads and numbering properties. It specifies the established system shall be used by the planning commission in naming roads and numbering properties. Because the ordinance does not construct new streets within a planned district, approve of, or change the names of streets, the City Council was not required to submit Ordinance 95–15 to the City Planning Commission for consideration prior to its passage.

The decision of the trial judge is **AFFIRMED.**

FINNEY, C.J., TOAL and MOORE, JJ., and Acting Associate Justice GEORGE T. GREGORY, Jr., concur.