THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Cynthia Smith, Defendant, and Ruby Rice d/b/a R&R Bail Bonding, and Safety National Casualty Corporation, as Surety, of whom Ruby Rice d/b/a R&R Bail Bonding is Appellant.
 
 
 

Appeal From Spartanburg County
 J. Derham Cole, Circuit Court Judge

Unpublished Opinion No. 2006-UP-291
Submitted June 1, 2006  Filed June 22, 2006

AFFIRMED 

 
 
 
 David Lloyd Thomas, of Greenville, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General David Spencer, all of Columbia; Harold W. Gowdy, III, of Spartanburg, for Respondents.
 
 
 

PER CURIAM:  Ruby Rice d/b/a/ R&R Bail Bonding (Rice) contends the circuit court erred in ordering a partial estreatment of Cynthia Smiths bond.  We affirm.[1]    
FACTS
In March 2001, Cynthia Smith was arrested for and charged with multiple counts of forgery.  Smith was released on a surety bond in the amount of $15,000 posted by Rice.  
On January 24, 2002, Rice was notified to have Smith appear in court on February 4, 2002; Smith failed to appear.  A bench warrant was issued for the arrest of Smith for her failure to appear in court.    
On February 19, 2003, a bond estreatment hearing was held.  Rice argued the bond should not be forfeited because Smiths disposition on the forgery charges was dismissed.  After a recess, the State informed the court the cases were still outstanding, and the disposition stating the cases were dismissed was based on an error by the clerks office.  The circuit court ordered forfeiture for $10,000 of the $15,000 bond.  
Rice filed a Motion to Reconsider the Estreatment of Bonds on March 4, 2003, arguing the circuit court should reconsider its opinion because the charges against Smith were dismissed.  The circuit court denied Rices motion.  This appeal followed.  
LAW/ANALYSIS
Rice contends the circuit court erred in failing to consider the costs to the state in its determination of whether bond forfeiture should be remitted.  This issue is not preserved for our review. 
 In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge. State v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003).  If the losing party has raised an issue in the lower court, but the court fails to rule upon it, the party must file a motion to alter or amend the judgment in order to preserve the issue for appellate review.  IOn, L.L.C. v. Town of Mt. Pleasant, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000).  In the absence of such a motion, the matter is not preserved and the appellate court cannot consider the argument on appeal.Noisette v. Ismail, 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991); see also Townsend v. City of Dillon, 326 S.C. 244, 247, 486 S.E.2d 95, 97 (1997).      
The record reflects Rice made no argument that the court failed to consider costs to the state at the bond hearing or in her Motion to Reconsider Estreatment of Bonds.  Therefore, we find the issue was not properly preserved for our review.   
Accordingly, the order of the circuit court is 
AFFIRMED.  
SHORT, WILLIAMS, JJ., AND CURETON, A.J., CONCUR.

[1] We decide this case without oral argument, pursuant to Rule 215, SCACR.