In the Matter of Roland R. Benzow, Individually and as District Councilman of the City of Buffalo, Appellant, v. Joseph J. Cooley, as City Clerk of the City of Buffalo, et al., Respondents.

Fourth Department, January 5, 1961.

*Emil L. Cohen* for appellant.

*Anthony Manguso, Corporation Counsel,* for respondents.

*Per Curiam.* This is an appeal of a denial of appellant's petition in the nature of mandamus under article 78 of the Civil Practice Act to require respondents, respectively the City Clerk and Corporation Counsel of the City of Buffalo, to comply with section 18 of the City Home Rule Law by preparing an abstract of Buffalo Local Law No. 1 of 1960, and to transmit it to the Erie County Board of Elections to be placed upon the voting machines of the City of Buffalo at the next general election. The Local Law in question amended section 62 of the Charter of the City of Buffalo '' to provide that a Mayor, heretofore or hereafter elected to such office, shall be eligible for re-election ''. Prior to the amendment, section 62 provided '' Any Mayor elected as such under this act for a full term of four years shall be ineligible for the next term after the termination of his office.''

Special Term denied petitioner's application and dismissed the proceedings. We agree with this determination. Special Term based its decision on its conclusion, without deciding whether section 62 was constitutional when adopted in 1927 (Local Law No. 4, 1927 [published in Local Laws, 1932, p. 21]), that by reason of changed conditions surrounding the office of Mayor the section is at present unconstitutional. Special Term in its memorandum stated that if it had not reached this result, it would feel constrained to grant the petition because it construed subdivision 3 of section 15 of the City Home Rule Law as requiring a mandatory referendum, holding that the proposed amendment changed the law of succession to the office of Mayor. We cannot agree with the reasons advanced for the denial of the petition.

This controversy arises by reason of the absence of any provision in the Charter of the City of Buffalo, as adopted in 1927, for amendment to the charter. In this dilemma we must look to the City Home Rule Law and particularly section 15 thereof to determine whether a mandatory referendum is required in order to amend, as provided in the Local Law, to permit the Mayor to be a candidate for re-election immediately following the term of his incumbency.

The pertinent parts of section 15 of the City Home Rule Law are subdivisions 3 and 4 which read as follows:

"Except as otherwise provided by or under authority of an act of the legislature, a local law shall be subject to mandatory referendum if it: * * *

" 3. Changes the law of succession to the mayoralty if the office is an elective office.

" 4. Abolishes an elective office, or changes the method of nominating, electing or removing an elective officer, or changes the term of an elective office * * * during his term of office."

We believe that subdivision 4 can be summarily disposed of for a reading of the Local Law clearly indicates that it is not one which " changes the term of an elective office ". The term of Mayor under the new law is still four years. If petitioner is to succeed it must be because the Local Law " [c]hanges the law of succession to the mayoralty ". The term " law of succession " is a term of art which has come principally from the law of property dealing with inheritance. Its meaning there, of course, would be different from the context in which we are dealing with it in searching for the definition of " succession " as it relates to the office of Mayor in the City of Buffalo. Regrettably, the Governor's bill jackets on the original Home Rule Law, as well as all of the amendments, plus the Reports of the Home Rule Commission for the years 1925–1928 (N. Y. Legis. Doc., 1925, No. 72; N. Y. Legis. Doc., 1927, No. 81; N. Y. Legis. Doc., 1928, No. 55) give us no assistance in determining what the Legislature had in mind when it adopted these words " law of succession ". In our view, these words refer only to the filling of a vacancy in office during the incumbency of a Mayor, such as when the Mayor dies or is for some reason unable to continue before the expiration of his current term. We can find no broader construction for " law of succession " either in the Home Rule Law or in the Buffalo City Charter. Having reached this conclusion, we do not agree with Special Term's conclusion that subdivision 3 of section 15 would require a referendum to amend section 62.

We cannot concur with either Special Term's or respondents' contention that section 62 of the Charter has now become unconstitutional. We find nothing in the Constitution of the State of New York or in the Constitution of the United States which would require such a ruling. We believe it no more unconstitutional to provide against consecutive terms in office by one man than it is, pursuant to the provisions of the Local Law, to permit a Mayor again to be a candidate for the office immediately upon the termination of his first term.

For these reasons, we believe Special Term properly dismissed the petition and we affirm that result.

All concur, HALPERN, J., in result.

Present — BASTOW, J. P., GOLDMAN, HALPERN, McCLUSKY and HENRY, JJ.

Order affirmed, without costs of this appeal to any party.