*646 OPINION OF THE COURT
Fred A. Dickinson, J.
This is a declaratory judgment action to declare Local Law No. 6 of 1977, adopted by the Rockland County Legislature, to be invalid and unconstitutional. Defendants move for a trial preference. Plaintiffs cross-move for summary judgment.
The cross motion for summary judgment shall be considered first. To do so of course, means to search the record to see if either side is entitled to that relief (CPLR 3212, subd [b]).
A court-approved plan for the creation and apportionment of the Rockland County Legislature was adopted in 1969. The legislators (18 in number) were elected for four-year terms. Apparently desirous of staggering the elected terms, Local Law No. 6 was adopted in July of 1977 by the legislature, providing that in the November, 1977 general election, nine candidates for the office of county legislator, receiving a majority of votes in their respective towns would be elected to four-year terms and the other nine successful candidates would be elected to two-year terms. After that election, all future candidates would run for four-year terms. Because said law changed the terms of elective office for nine candidates, at least temporarily, it was subject to mandatory referendum (Municipal Home Rule Law, § 23, subd 2, par e).
The referendum was approved at the general election on November 8, 1977. Those legislators elected simultaneously with the passage of the local law, took office in January of 1978 for four- or two-year terms respectively. The local law was filed with the Secretary of State on November 14, 1977.
The facts are undisputed. Plaintiffs (two legislators who were given two-year terms and two individuals who voted in the election) allege five causes of action why the local law should be declared invalid.
The first two causes of action allege that the local law cannot be binding on those legislators elected in the November, 1977 election, because the law could not go into effect until filed with the Secretary of State some six days later. In support of this position, the plaintiffs cite subdivision 3 of section 27 of the Municipal Home Rule Law, which holds: "Notwithstanding the effective date of any local law, a local law shall not become effective before it is filed in the office of the secretary of state.”
However, notwithstanding the above section, plaintiffs’ ar *647 gument ignores the language employed by the legislature when it had passed the local law in July of 1977: "If this law is approved by the affirmative vote of the majority of the qualified voters of the County voting thereon at the General Election, this law shall become and be effective immediately. ” (Emphasis added.)
This language clearly shows that the results of the referendum would apply to the legislators who were elected at the same time the local law was adopted. Merely because the local law would not be filed and therefore technically effective until after election, did not negate the operative effect of this law for those legislators.
Although there is little in the way of applicable case law on this question, a case in point is Matter of Hehl v Gross (35 AD2d 570, affd 30 NY2d 828). Matter of Hehl v Gross (supra) involved a local referendum which extended civil service protection to county employees. The local Board of Supervisors, in placing the referendum on the ballot, clearly stated that it was to become effective "immediately on the approval of the voters at the referendum” (Matter of Hehl v Gross, supra, p 571). Subsequent to the referendum, but prior to its being filed, petitioner was discharged for reasons which would have been insufficient had he been a civil service employee. The Appellate Division ordered petitioner’s reinstatement holding that there was a clear distinction between the effective date and the operative date of the local law. The court stated that notwithstanding what the effective date of the law may be, a legislature has the right to make a local law operative before or after its effective date (Matter of Hehl v Gross, supra, p 571).
In this case, the Rockland County Legislature did just that. The law passed on November 3, 1977 applied to those legislators elected on that date and who would take office the following January. The fact that the law was not filed until some six days later was of no consequence.
Plaintiffs’ third cause of action is based on subdivision 2 of section 7-108 of the Election Law which reads: "If two or more candidates are nominated for the same office for different terms, the term for which each is nominated shall be printed as a part of the title of the office.”
Plaintiffs allege that since the election resulted in different candidates obtaining different terms (four-year or two-year), then the ballots should have indicated this. It is admitted that *648 the ballots for legislative candidates did not distinguish between those running for two-year or four-year terms. That was for a good reason. The candidates were not running for different terms — they were all running for four-year terms. It was only the results of the election (set out for the voters in the referendum of Local Law No. 6), i.e., the number of votes cast, which would determine whether a candidate would be given a four- or a two-year term. Therefore, subdivision 2 of section 7-108 of the Election Law was clearly not applicable to this case.
Plaintiffs’ fourth cause of action raises a constitutional question; specifically, that the voters in the general election were disenfranchised in violation of section 1 of article I of the New York State Constitution. This allegedly hindered their rights to nominate candidates (a coexisting right with the freedom to vote, Matter of Hopper v Britt, 204 NY 524). Since, not knowing if Local Law No. 6 was passed, the voters mistakenly thought all candidates whose petitions they signed, would be running for four-year terms: "Local Law No. 6 effectively disenfranchises the signers of the nominating petitions from nominating candidates of their choice as the decision to sign one or more petitions may well have changed if they knew the term of office would be effected by the number of votes each candidate would receive in the General Election” (plaintiffs’ affidavit).
This argument was partially answered in the discussion of plaintiffs’ third cause of action. Suffice it to say that plaintiffs are confusing two separate issues. Local Law No. 6 in no way hindered anyone’s right to nominate candidates. Regardless of how many names are on a nominating petition, this would have no effect on how many votes a candidate would get at the general election. That number of votes at the election would alone determine which candidate received a four-year or two-year term and the nominating petitions at that point would be irrelevant. Certainly, in this case, there was no violation of a constitutional right of a freedom of choice or freedom of voting.
The fifth and final cause of action deals with the court approval of the original appropriation plan that established the Rockland County Legislature. Plaintiffs allege that any change in this plan (i.e., staggering the term of office) can only come about by further court order. This is incorrect.
That order (Abate & Malof v Mundt, Index No. 2845/68, *649 Rockland County, July 30, 1969, Hawkins, J.) dealt with the reapportionment problem ab initio. It in no way prohibited variation as the legislature saw fit nor did it seek to limit the right of a local government under section 10 (subd 1, par [ii], cl a, subcl [1]) of the Municipal Home Rule Law to set the term of office for its employees. Plaintiffs’ contention that Justice Hawkins’ refusal to allow supervisors to automatically become members of the legislature, albeit, for only two-year terms, was an attempt to prohibit staggered terms is misplaced. The language of that decision (Abate & Malof v Mundt, supra) clearly shows that the court’s purpose was to insure that one who sat in the Legislature had to run for that particular office rather than just being automatically appointed to it by the fact that he may have been a supervisor previously.
In view of the preceding, plaintiffs’ motion for summary judgment is denied. In the alternative, the court grants summary judgment for the defendants. The complaint is hereby dismissed. Accordingly, defendants’ motion for a trial preference is denied as moot.