A. Thomas Levin, Esq. Village Attorney, Great Neck Estates
You have asked whether a village may enact a local law limiting the number of consecutive terms that one person may serve as mayor.
A local government is authorized to adopt local laws consistent with the Constitution and general State laws in relation to its property, affairs and government, and in relation to the qualifications of its officers and employees (Municipal Home Rule Law, § 10[1][i] and [ii][a][1]). We believe that a limitation on the number of consecutive terms that a person may serve as mayor relates to the affairs and government of a local government and constitutes a qualification for the office of mayor. We are not aware of any State law that is in conflict with the proposed local law. Nor do we believe that the proposal would violate any provision of the Constitution (Matter of Benzow v Cooley, 12 A.D.2d 162
[4th Dept, 1961], affd on other grds 9 N.Y.2d 888 [1961]).
The question may be raised whether the proposed local law would be subject to referendum. No referendum can be held by a local government in the absence of constitutional or statutory authority (1980 Op Atty Gen [Inf] 221). The Legislature has provided that local laws in certain subject areas are subject to mandatory referendum or referendum on petition (Municipal Home Rule Law, §§ 23 and 24). A local law is subject to mandatory referendum if it:
 "Changes the law of succession to the office of the chief executive officer of a county elected on a county-wide basis or if there be none the chairman of the board of supervisors, the mayor of a city or village or the supervisor of a town.
 "Abolishes an elective office, or changes the method of nominating, electing or removing an elective officer, or changes the term of an elective office, or reduces the salary of an elective officer during his term of office." (Id., § 23 [2] [d and e].)
Matter of Benzow v Cooley, supra, involved a local law of the City of Buffalo amending a provision of the city charter to provide that a person elected to the office of mayor could be re-elected to that office. The issue was whether the local law was subject to a mandatory referendum under provisions of the City Home Rule Law that were substantively similar to the quoted provisions of the Municipal Home Rule Law. The court decided that a change in the law of succession to an office referred only to the method of filling a vacancy in the office, and that the local law of the City of Buffalo did not change the term of an elected officer. We believe it is clear that your proposed local law does not change the method of nominating or electing an elected officer. Nor do we believe the proposed local law would abolish, transfer or curtail any power of an elected officer (Municipal Home Rule Law, §23[2][f]). A limitation on running for election does not affect any power of the office. Nor is the proposed local law subject to referendum on petition under section 24 of the Municipal Home Rule Law.
We conclude that a village by local law may limit the number of consecutive terms that one person may serve as mayor. Such a local law would not be subject to a referendum.