William G. Ruger, Esq. County Attorney, Schuyler County
You have asked whether there is a procedure by which a county can change the terms of office of its legislators without undertaking a reapportionment under subclause 13 of section 10(1)(ii)(a) of the Municipal Home Rule Law. Your county does not have a charter.
A county, city, town or village may adopt and amend local laws that are consistent with the Constitution and general State laws in relation to the terms of office of its officers and employees (id., § 10 [1][ii][a][1]; New York Const, Art IX, § 2[c][1]). This authorization was added to the State Constitution, effective January 1, 1964.
With the introduction of the "one person — one vote" rule enunciated by the United States Supreme Court (Baker v Carr, 369 U.S. 186
[1962]), it became necessary for many county legislative bodies to reapportion. In some counties, reapportionment was implemented through court ordered reapportionment schemes. Other counties were enabled to reapportion through the adoption or amendment of a county charter in accordance with Article 4 of the Municipal Home Rule Law, effective January 1, 1964. However, there existed no authorization for non-charter counties voluntarily to initiate reapportionment.
The Legislature in 1969 (ch 834) amended the Municipal Home Rule Law to establish a procedure through which non-charter counties could reapportion their legislative bodies (Municipal Home Rule Law, §10[1][ii][a][13]). Under subclause 13, a county is authorized to adopt and amend local laws relating to:
 "The apportionment of its legislative body and, only in connection with such action pursuant to this subparagraph, the composition and membership of such body, the terms of office of members thereof, the units of local government or other areas from which representatives are to be chosen and the voting powers of individual members of such legislative body.* * *"
In light of the history of this provision, in our view there is no reason to construe the language to require that terms of office of county legislators be changed only as part of a county reapportionment plan. The Legislature established this procedure to enable non-charter counties to reapportion their legislative bodies (Op Atty Gen [Inf] 81-105). While subdivision 13 authorizes specific changes "only in connection" with an apportionment, we do not view this as a limitation on the power of counties under section 10 of the Municipal Home Rule Law to change the terms of county legislators. It is instead a recognition that non-charter counties would be otherwise powerless to change its legislature's composition and membership (see Municipal Home Rule Law, § 10[1][ii][a][2]) and the members' representative areas and voting powers. Further, the authorization for any local government to adopt local laws in relation to the terms of office of its officers pre-dates subclause 13 and is derived from the Constitution. We see no basis for placing a limitation on that authorization. See Grant v Bd. of Elections,98 Misc.2d 644, 648-649 (Sup Ct, Rockland Co, 1978).
Your second question is whether a local law to change the terms of office of members of a county's legislative body is subject to referendum. A local law changing the term of an elective official is subject to mandatory referendum (Municipal Home Rule Law, § 23[2][e]; 1972 Op Atty Gen [Inf] 264).
We conclude that a county, by local law subject to mandatory referendum, may change the terms of office of the members of its legislative body.