Marilyn J. Slaatten, Esq. Informal Opinion County Attorney No. 95-29 County of Westchester Room 600, Michaelian Office Bldg. 148 Martine Avenue White Plains, N Y 10601
Dear Ms. Slaatten:
You have requested an opinion concerning the legality of local legislation, without a referendum, imposing a limitation on the number of consecutive terms local elected officials may serve. You have asked for a confirmation of the viability of Informal Opinion No. 83-10.
In Informal Opinion No. 83-10, we concluded that a village could enact a local law to limit the number of consecutive terms that a person may serve as mayor. We found that such a local law would not be subject to a referendum.
First, we found that there is authority for a local government to enact a local law limiting the number of consecutive terms a local elected officer may serve. We cited provisions of the Municipal Home Rule Law which authorize the enactment of local laws, consistent with the Constitution and general State laws, in relation to the property, affairs and government of a local government and in relation to the qualifications of its officers and employees. Municipal Home Rule Law § 10(1)(i) and (ii)(a)(1). We found that a limitation on the number of consecutive terms relates to the affairs and government of a local government and constitutes a qualification for office. We found no State law or provision of the Constitution in conflict with such a local law.
Citing Matter of Benzow v Cooley, 12 A.D.2d 162 (4th Dept), affd on othergrounds, 9 N.Y.2d 888 (1961) our 1983 opinion also concluded that a local law limiting the number of consecutive terms an elected officer may serve is not subject to a referendum. It is well established that a referendum may not be conducted by a local government in the absence of specific constitutional or statutory authority. Citing 1980 Op Atty Gen (Inf) 221. First, we found that the legislation would not be subject to a mandatory referendum under section 23(2)(d) and (e) of the Municipal Home Rule Law.[1] We reasoned that the term limitation was not a change in the law of succession to the office of mayor because the law of succession to an office refers only to the method of filling a vacancy in the office. Citing Matter of Benzow v Cooley, supra, affd on thesegrounds, 9 N.Y.2d 888 (1961). Our 1983 opinion also concluded that the proposed local law would not change the term of an elected officer nor change the method of nominating or electing an elected officer. Ibid. We found that it would not abolish, transfer or curtail any power of an elected officer, removing grounds for a referendum under Municipal Home Rule Law § 23(2)(f).
We see no basis for departing from the view expressed in our 1983 opinion that a local law limiting the number of consecutive
terms that an elected officer may serve is not subject to a referendum. Further, we continue to believe that there is authority for the enactment of such a local law. As you point out, New York courts have concluded that term limitation legislation is valid. Matter of Roth v Cuevas,158 Misc.2d 238 (Sup Ct N Y Co), affd, 603 N.Y.S.2d 736 (App.Div. 1st Dept), affd for reasons stated in the opinion of Supreme Court JusticeMartin Evans, 82 N.Y.2d 791 (1993). In Roth, the petitioner filed a motion seeking judicial validation of initiative petitions seeking to amend the New York City Charter to establish a limit on the number of consecutive terms of office for various elected officials. The Supreme Court held, inter alia, that the proposed local law was not beyond local legislative authority granted pursuant to the New York Constitution and Municipal Home Rule Law; that the petitions did not seek to exercise legislative authority inconsistent with State law; that limitation of the number of consecutive terms was not an arbitrary exclusion from office; that the proposed law did not impermissibly infringe on the right to seek office under the Equal Protection Clause of the New York Constitution; and that the proposed local law did not disenfranchise the voters.
The petitions were filed under section 37 of the Municipal Home Rule Law which establishes a procedure by which a proposal to amend a city charter made by qualified electors can be placed on the ballot for public referendum. In dealing with the question of local legislative authority, the Court cited provisions of the Constitution and State law calling for the rights, powers, privileges and immunities granted to local governments to be liberally construed. Citing with approval the 1983 Attorney General opinion, the Court found authority for the term limitation legislation in the power granted to local governments to enact local laws relating to their affairs and government. The Court reasoned that the term limitation legislation would affect only New York City public officers and that the State would have no paramount interest in these term limits. The legislation would not, to a substantial degree, constitute a matter of State-wide concern. Alternatively, the Court found authority for the term limit legislation in the power of local governments to enact local laws relating to the powers, duties, qualifications, number, mode of selection and removal and terms of office of its officers. Municipal Home Rule Law § 10(1)(ii)(a)(1).
In Roth, the Court concluded that the term limit legislation is not inconsistent with the Constitution or any State law. The legislation did not prohibit what is specifically permitted by the Constitution or State law or permit what is specifically forbidden by the Constitution or State law. Further, the Court found that the State's silence on this issue did not establish a conflict.
The Court found that the term limit legislation did not constitute an arbitrary exclusion from office but instead established a qualification for office having a rational basis. Citing Golden v Clark, 76 N.Y.2d 618,627 (1990), the Court found that the proposed local law was intended to broaden opportunities for political and public participation in government, to reduce the opportunities for corruption, and as a result increase citizens' confidence in the integrity and effectiveness of their government. Also, the Court found that while public employees in New York have rights to continue holding their positions under the Civil Service Law, public officers have been given no such protection.
In Roth, the Court found no violation of Article I, § 1 of the New York Constitution, providing that no member of the State may be disenfranchised or deprived of any of the rights or privileges secured to a citizen. The Court reasoned that the proposed local law would have only an incidental effect on the right to vote; would be neutrally applied to all political parties; would in no way violate the constitutional rule of one person one vote; and generally would not disenfranchise or infringe upon rights of association because these rights do not guarantee a particular candidate.
Thus, in Roth the authority of a local government to enact term limit legislation was confirmed against a broad-based attack on State statutory and constitutional grounds.
We conclude that a local government is authorized to enact a local law limiting the number of consecutive terms that an elected officer may serve. Such a local law is not subject to a referendum.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
VICTORIA A. GRAFFEO
Solicitor General
[1] Under section 23(2)(e), a referendum must be held if a local law abolishes an elective office; changes the method of nominating, electing or removing an elective officer; changes the term of an elective officer; or reduces the salary of an elective officer during his term of office.