Richard J. Guertin, Esq. Informal Opinion No. 99-12 Corporation Counsel City of Middletown 16 James Street, Box 3 Middletown, N Y 10940
Dear Mr. Guertin:
You have asked whether City of Middletown Local Law No. 4 of 1997, amending the Charter, became operative in the election of November 4, 1997, giving the Mayor and the Alderman-at-Large four — year terms commencing on January 1, 1998, subject to consecutive term limitations equal to eight years beginning with the commencement of their terms on January 1, 1998.
Specifically, your legal question is whether the Local Law could become operative prior to its statutory effective date of December 22, 1997, when it was filed with the Secretary of State.
Also, we consider whether the Local Law could become operative as of the November 4, 1997 election, during which the referendum to approve the Local Law was held. Because of the pendency of the referendum on the Local Law, the voters, in casting their ballots at that election for candidates for the offices of Mayor and Alderman-at-Large, did not know the terms of the offices. The question is whether this is legally significant.
Prior to passage of the Local Law, the Charter provided for the Mayor, Alderman-at-Large and Aldermen to serve for two-year terms with a limit of two consecutive terms. The purpose of the Local Law is to prevent the possibility of a complete turnover of elected officials after only four years, resulting in complete loss of knowledge and experience. Local Law No. 4 thus is intended to create a system of staggered terms: The terms of the Mayor and Alderman-at-Large would increase to four years, while the two-year term of the Aldermen would be retained. The Local Law also provides for limits of two consecutive terms for the Mayor and Alderman-at-Large and four consecutive terms for the Aldermen, all for a total of eight years.
Local Law No. 4 of 1997 was passed by the Common Council on September 2, 1997. A public hearing was held on the Local Law on September 4, 1997 and the public also was notified that the full text of the Local Law was available for viewing in the Office of the Common Council. Local Law No. 4 was approved by the Mayor on September 12, 1997. The Local Law was subject to mandatory referendum and was approved by the voters on November 4, 1997. The Local Law subsequently was filed in the Office of Secretary of State on December 22, 1997.
We note that Local Law No. 4 was subject to a mandatory referendum because it changed the term of an elective office. Municipal Home Rule Law § 23(2)(e). Also, we have opined that local governments are authorized to enact local laws limiting the number of consecutive terms that an elected officer may serve. Op Atty Gen (Inf) No. 95-29.
Returning to the first question, you have asked whether there is any legal prohibition on the Local Law becoming operative as provided in its provisions. Local Law No. 4, by its terms, indicates clearly that it was to become operative in the November 4, 1997 election and for the terms of office beginning on January 1, 1998. Local Law No. 4 of 1997, §§ 3, 4. It appears that your inquiry is prompted by the provisions of section27 of the Municipal Home Rule Law. Under section 27(3), a local law "shall not become effective before it is filed in the office of the secretary of state."
There is a distinction, however, between the effective date and the operative date of a Local Law. Hehl v. Gross, 35 A.D.2d 570 (2d Dept 1970).
 A distinction has long existed between the effective date of a statute and its operative date. A legislative body may prescribe that a law shall be operative at a time either before or after its effective date. Hehl, at 571.
In Grant v. Bd. of Elections of the County of Rockland, 98 Misc.2d 644
(Sup Ct Rockland County 1978), a comparable local law provided for the staggering of terms of county legislators by providing that in the November 1977 election the nine candidates receiving the most votes would be elected to four-year terms and the other nine successful candidates would be elected for two — year terms. Id. In subsequent elections, all candidates would run for four-year terms. Id. Since there was a temporary change in the terms of elective offices, the local law was subject to mandatory referendum. Id. The local law was approved by the voters on November 8, 1977 and subsequently was filed with the Secretary of State on November 14, 1977. Id. The local law provided that it would be operative in the November 8, 1977 election for the terms beginning on January 1, 1978. The plaintiffs argued to no avail that the local law could not be binding on legislators elected on November 8, 1977 because it did not take effect until subsequently filed with the Secretary of State. Id., at 646. The court decided that the legislature had the right to make the local law operative before or after its effective date. Id., at 647.
As to the second inquiry, the fact that the voters did not know, when they cast their ballots for a specific candidate, the term of office of that candidate if elected Mayor or Alderman-at-Large is not legally significant. See, e.g., Grant, supra. See also, Education Law §2610(4), relating to the election of school board members. They were aware at the time of the election that Local Law No. 4, if approved, would increase the terms of the Mayor and Alderman-at-Large.
The decisions of the Court of Appeals in People ex rel Smith v. Weeks,176 N.Y. 194 (1903), and People ex rel. Eldred v. Palmer, 154 N.Y. 133
(1897), are distinguishable. In those cases, laws were passed during the terms of elected officers to lengthen those terms. The laws were viewed as "subversive of the principles of the elective system . . . [and] in effect an attempt on the part of the legislature to appoint to office . . ., without the concurrence of the electors." Eldred,154 N Y at 139, citing, People ex rel. Fowler v. Bull,46 N.Y. 57 (1871). Under Local Law No. 4, by contrast, when the electors cast their ballots at the November 8, 1997 election, they knew that if the Local Law were to be approved, the local officials would be elected and take office in accordance with its provisions.
We conclude that the operative date of Local Law No. 4 of 1997 of the City of Middletown is valid and the Mayor, Alderman — at — Large and Aldermen took office on January 1, 1998 in accordance with the provisions of the Local Law.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Attorney General
In Charge of Opinions