■ CHARLES E. HOLBROOK, Appellant, v ROCKLAND COUNTY et al., Respondents. [687 NYS2d 722] —In an action, *inter alia,* for a judgment declaring that Local Laws, 1993, No. 6 of the County of Rockland, and Local Laws, 1997, No. 15 of the County of Rockland are invalid, the plaintiff appeals from a judgment of the Supreme Court, Rockland County (Meehan, J.), dated February 6, 1998, which dismissed the complaint and declared that these local laws were validly adopted by the Rockland County Legislature.

Ordered that the judgment is affirmed, with costs.

In 1993 the Rockland County Legislature adopted Local Laws, 1993, No. 6 of the County of Rockland (hereinafter Local Law No. 6) to prohibit elected county officials from holding any

other elected town or village office. Under the terms of the provision, any person already serving on the Legislature and holding another elective office was not required to resign from such other office until January 1, 1998. Local Law No. 6 was subsequently recodified by Local Laws, 1997, No. 15 of the County of Rockland as part of a legislative reapportionment plan. In November 1997 the plaintiff, who was then a member of the Rockland County Legislature as well as a town supervisor, commenced this action seeking a declaration that the "two hat" laws which barred him from holding both offices were invalid because they had been enacted without a voter referendum as required by Municipal Home Rule Law § 23 (2) (e) and (f). The Supreme Court rejected the plaintiff's claim that a voter referendum was required, and declared that the two local laws had been validly adopted. We now affirm.

Municipal Home Rule Law § 23 (2) (e) and (f) provide, in relevant part, that a local law shall be subject to mandatory referendum if it "changes the term of an elective office", or "curtails any power of an elective officer". Contrary to the plaintiff's contention, the "two hat" laws which bar Rockland County legislators from holding a second elective office do not change the terms of an elective office or curtail any powers of an elective officer. Rather, the provisions operate to impose a new eligibility requirement or qualification for holding office, without changing a legislator's four-year term of office, or curtailing any power of the office. Accordingly, no voter referendum was required to validly enact the two local laws (see, Matter of Benzow v Cooley, 22 Misc 2d 208, affd 12 AD2d 162, affd 9 NY2d 888; cf., Morin v Foster, 45 NY2d 287).

The plaintiff's further contention that the local laws violate the New York State Constitution, which he raises for the first time on appeal, is without merit (see, Matter of Roth v Cuevas, 158 Misc 2d 238, 251, affd 197 AD2d 369, affd 82 NY2d 791; Grant v Board of Elections, 98 Misc 2d 644, 648, affd 68 AD2d 1018). O'Brien, J. P., Sullivan, Joy and Krausman, JJ., concur.