■ In the Matter of MARTIN GOLDEN et al., Respondents, v NEW YORK CITY COUNCIL et al., Appellants. [762 NYS2d 410] —In a proceeding pursuant to CPLR article 78 for a judgment declaring, inter alia, that Local Law No. 27 (2002) of City of New York is invalid, the appeal is from an order and judgment (one paper) of the Supreme Court, Kings County (Rosenberg, J.), dated March 18, 2003, which denied the cross motion of the New York City Council and City of New York to dismiss the proceeding, granted the petition, and declared Local Law No. 27 (2002) of City of New York to be invalid.

Ordered that the proceeding is converted to an action for a declaratory judgment, the notice of petition is deemed to be the summons, and the petition is deemed to be the complaint (*see* CPLR 103 [c]); and it is further,

Ordered that the order and judgment is reversed, on the law, the cross motion is granted, and it is declared that Local Law No. 27 (2002) of City of New York is valid; and it is further,

Ordered that one bill of costs is awarded to the appellants appearing separately and filing separate briefs payable by the respondents appearing separately and filing separate briefs.

The only issue to be determined on this appeal is whether a law created by a voter-initiated referendum can be amended by the New York City Council (hereinafter the City Council) without referendum. We do not consider whether such action by the City Council is moral, ethical, or politically advisable.

In 1989 New York City Charter § 25 (a) was enacted by means of a voter-initiated referendum. That section provided that every 20 years, terms for elected members of the City Council would be changed from the usual four-year term to two consecutive terms of two years each. This was done to accommodate redistricting after a census and to reconcile the election cycle with other New York City offices. The City Council election in 2001 was for a two-year term, as will be the election in 2003.

In 1993 term limits were imposed on City Council members, as well as upon other elected New York City officials, through a voter-initiated referendum that added New York City Charter §§ 1137 and 1138. New York City Charter § 1137 provides that,

as a matter of public policy, the time elected officials can serve in office is limited to not more than eight consecutive years, so that they are "citizen representatives" responsive to the needs of the people and not career politicians. New York City Charter § 1138 provides that elected officials may not serve more than two full consecutive terms in office.

As a result of the foregoing, City Council members who were elected to a four-year term in 1997 and a two-year term in 2001 were precluded from seeking reelection, even though they had served only six consecutive years in office. To correct this "unequal disqualification," the City Council enacted Local Law No. 27 (2002) of City of New York (hereinafter Local Law No. 27), which amended New York City Charter § 25 (a) as it related to the term limit provisions of the charter. Specifically, the amendment provided "a full term of two years, as established by this subsection, shall not constitute a full term under section 1138 of this charter, except that two consecutive full terms of two years shall constitute one full term under section 1138."

The petitioners, a former City Council member and two potential candidates for the office of City Council member in 2003, commenced this proceeding challenging the validity of Local Law No. 27 on the grounds, inter alia, that it could not be enacted absent voter referendum because it changed the term of office within the meaning of New York City Charter § 38 (4) and Municipal Home Rule Law § 23 (2) (e), and it curtailed the power of elected officials within the meaning of New York City Charter § 38 (5) and Municipal Home Rule Law § 23 (2) (f). By preanswer cross motion, the appellants City Council and City of New York moved to dismiss the petition, arguing that a voter referendum was not required because Local Law No. 27 did not change the term of office, but, rather, merely modified the term limits.

By order and judgment dated March 18, 2003, the Supreme Court, Kings County (Rosenberg, J.), denied the cross motion and granted the petition. The Supreme Court held, inter alia, that Local Law No. 27 was subject to mandatory referendum because it changed the term of office and curtailed the powers of junior City Council members, transferring those powers to senior City Council members. The Supreme Court further held that the enactment of Local Law No. 27 without referendum was inconsistent with the historical practice of enacting term limit legislation by referendum. We reverse.

A local law is subject to mandatory referendum if it "changes the term of an elective officer" (New York City Charter § 38 [4];

Municipal Home Rule Law § 23 [2] [e]), or if it "[a]bolishes, transfers or curtails any power of an elective officer" (New York City Charter § 38 [5]; Municipal Home Rule Law § 23 [2] [f]). In this case, however, Local Law No. 27 merely amended the term limit provisions of the City Charter without changing the length of the term of office, or curtailing any power of the office (*see Matter of Benzow v Cooley,* 22 Misc 2d 208 [1960], *affd* 12 AD2d 162 [1961], *affd* 9 NY2d 888 [1961]; *Holbrook v Rockland County,* 260 AD2d 437 [1999]). Moreover, the fact that the term limit provisions of the City Charter were enacted through voter referendum did not preclude the City Council from amending those provisions, as "laws proposed and enacted by the people under an initiative provision are subject to the same constitutional, statutory and charter limitations as those passed by the Legislature and are entitled to no greater sanctity or dignity" (*Matter of Caruso v City of New York,* 136 Misc 2d 892, 895-896 [1987], *affd* 143 AD2d 601 [1988], *affd* 74 NY2d 854 [1989], *cert denied* 493 US 1077 [1990]). Contrary to the petitioners' contention, there is no proof that the intent underlying the voter-initiated referendum, which led to New York City Charter § 1138, was to limit elected officials specifically to eight years in office. New York City Charter § 25 (b) (2), which applies to the filling of vacancies, would allow a City Council member to serve more than eight years. While the statute specifically exempts positions filled as the result of a vacancy, this exception demonstrates that New York City Charter § 1137 is merely a statement of purpose, not a mandatory or prohibitory expression of law. Accordingly, no voter referendum was required to validly enact Local Law No. 27 (*see Matter of Benzow v Cooley, supra*). Feuerstein, J.P., Schmidt and Adams, JJ., concur.

McGinity, J., concurs in part and dissents in part, in the following memorandum: I concur with the majority to the extent that I would convert the proceeding to an action for a declaratory judgment, deem the notice of petition to be the summons, deem the petition to be the complaint, reverse the order and judgment, on the law, grant the cross motion, and declare that Local Law No. 27 (2002) of City of New York (hereinafter Local Law No. 27) was validly adopted by the New York City Council (hereinafter City Council) only to the extent that Local Law No. 27 corrects an ambiguity that a City Council member would be ineligible to serve up to eight consecutive years. However, I dissent to the extent that I would add to the declaration a provision that a City Council member would be ineligible and unqualified to *remain* in office for more than eight consecutive years without a referendum to amend the New York City Charter (hereinafter the Charter) to that effect.

I agree with the majority that Local Law No. 27 was validly enacted to clarify the ambiguity created by the requirement of a limited two-year term of office in City Council elections that took place in 2001 and must take place in 2003 and every 20 years thereafter. Insofar as Local Law No. 27 amends the Charter to change the number of times certain City Council members may seek reelection, I agree that, upon constraint of the decision by the Court of Appeals in *Matter of Caruso v City of New York* (136 Misc 2d 892, 895-896 [1987], *affd* 143 AD2d 601 [1988], *affd* 74 NY2d 854 [1989], *cert denied* 493 US 1077 [1990]), Local Law No. 27 is not subject to mandatory voter referendum. *Caruso* dealt with an amendment to the Charter by referendum in 1966 which authorized a Civilian Complaint Review Board to review complaints lodged against New York City police officers. Unfortunately, although the Board was described as "Civilian Review," no person could be appointed to it unless he or she was a full-time employee of the New York City Police Department. The City Council, recognizing this ambiguity, passed a local law correcting this anomaly and provided for civilians (nonemployees of the police department) to be placed on the Board without seeking a public referendum. This local law, although 20 years in coming, corrected a clear ambiguity to fulfill the public's desire to have a Civilian Review Board. However, Local Law No. 27, relying upon *Caruso,* cannot be construed as permitting a member of the City Council to serve more than eight consecutive years in office without public approval.

Clearly, a limitation of eight continuous years in office was resolved through two separate referenda wherein the voters of the City of New York imposed term limits on various City officials including the Mayor, City Comptroller, Public Advocate, and Borough Presidents, as well as City Council members. Therefore, a City Council member would be ineligible and unqualified to remain in office for more than eight consecutive years without a referendum to amend the Charter to that effect. *Caruso* should not be read as granting, without a voter referendum, authority to the City Council to extend beyond eight consecutive years the time a City Council member may serve.