Matter of McArdle v City of Yonkers (2023 NY Slip Op 03430)

Matter of McArdle v City of Yonkers

2023 NY Slip Op 03430

Decided on June 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2023-04226
 (Index No. 69278/22)

[*1]In the Matter of Anne Marie McArdle, et al., appellants, 
v
City of Yonkers, et al., respondents.

Sussman & Goldman, Goshen, NY (Michael H. Sussman of counsel), for appellants.
Harris Beach PLLC, Uniondale, NY (Brian D. Ginsberg and Jared A. Kasschau of counsel), for respondents.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action, inter alia, for a judgment declaring that Local Law No. 10-2022 of the City of Yonkers is invalid, the petitioners/plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (George E. Fufidio, J.), dated April 21, 2023. The order and judgment, insofar as appealed from, upon, in effect, deeming that branch of the respondents/defendants' motion which was pursuant to CPLR 3211(a) to dismiss the first and third causes of action to be for a declaratory judgment in their favor, granted that branch of the motion, denied the petition, and, in effect, dismissed the proceeding.
ORDERED that the order and judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an amended order and judgment, inter alia, declaring that the City of Yonkers was not required to hold a mandatory referendum pursuant to Municipal Home Rule Law § 23(2) before Local Law No. 10-2022 of the City of Yonkers became effective and that said Local Law is valid.
In November 2022, the City Council of the City of Yonkers (hereinafter the City Council) adopted Local Law No. 10-2022 of the City of Yonkers (hereinafter Local Law No. 10). Local Law No. 10 amended the term limits law set forth in article II, section C2-2(C) of the Charter of the City of Yonkers (hereinafter City Charter) to increase the number of consecutive four-year terms that a person could hold the office of mayor, city council president, or councilmember from three terms to four terms.
In December 2022, the petitioners/plaintiffs (hereinafter the petitioners), who are voters in the City of Yonkers, commenced this hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief, challenging the validity of Local Law No. 10. In the first cause of action, the petitioners sought a judgment declaring that the adoption of Local Law No. 10 violated the City Charter's ethics provisions and is therefore invalid. In the second cause of action, the petitioners sought a determination pursuant to CPLR article 78 that the City Council's adoption of Local Law No. 10 without a mandatory referendum was contrary to law since it violated the City Charter's ethics provisions. In the third cause of action, the petitioners sought a judgment declaring that the City was required to hold a mandatory referendum pursuant to Municipal Home Rule Law [*2]§ 23(2) before Local Law No. 10 could become effective since, inter alia, it changes the laws of succession for the office of mayor and changes the term of an elective office.
In January 2023, the respondents/defendants (hereinafter the respondents) moved, inter alia, pursuant to CPLR 3211(a) to dismiss the petition/complaint. In an order and judgment dated April 21, 2023, the Supreme Court, upon, in effect, deeming that branch of the respondents' motion which was pursuant to CPLR 3211(a) to dismiss the first and third causes of action to be for a declaratory judgment in their favor, granted that branch of the motion, denied the petition, and, in effect, dismissed the proceeding. The petitioners appeal.
A local law shall be subject to a mandatory referendum if it "[c]hanges the law of succession" to the office of the mayor (Municipal Home Rule Law § 23[2][d]) or "changes the term of an elective office" (id. § 23[2][e]). Here, contrary to the petitioners' contentions, Local Law No. 10 did not change the law of succession to the office of the mayor or change the term of an elective office by increasing the number of consecutive four-year terms that a person could hold the office of mayor, city council president, or councilmember from three terms to four terms (see Matter of Benzow v Cooley, 9 NY2d 888, 889).
In Matter of Benzow v Cooley, the Court of Appeals affirmed a decision and order of the Appellate Division, Fourth Department (see Matter of Benzow v Cooley, 12 AD2d 162), holding that a referendum was not required when the Buffalo City Council amended the city charter to permit the mayor of Buffalo to serve two consecutive terms in office, where the term-limit provision forbidding such service had been adopted by referendum. Matter of Benzow was decided under the Municipal Home Rule Law's city-specific predecessor, the former City Home Rule Law. The petitioners had argued that a mandatory referendum was required under the former City Home Rule Law if the local law "[c]hanges the law of succession to the mayoralty if the office is an elective office" (id. § 15[3]) or "[a]bolishes an elective office, or changes the method of nominating, electing or removing an elective officer, or changes the term of an elective office" (id. § 15[4]). The Fourth Department held that the local law extending term limits did not fall within either category and, thus, did not require a mandatory referendum (see Matter of Benzow v Cooley, 12 AD2d at 164). The Fourth Department held that "law of succession" refers only to the filling of the vacancy in office during the incumbency of a mayor, such as when the mayor dies or is for some reason unable to continue before the expiration of his or her current term, and that the local law was not one that "changes the term of an elective office," since the term of the mayor under the new law was still four years (see id.). The Court of Appeals affirmed, holding that "Local Law No. 1 of 1960 of the City of Buffalo is not subject to mandatory referendum under subdivision 3 or 4 of section 15 of the City Home Rule Law" (Matter of Benzow v Cooley, 9 NY2d at 889). 
Municipal Home Rule Law § 23(2)(d) and (e), relevant herein, are essentially identical to the provisions of the former City Home Rule Law at issue in Matter of Benzow. Accordingly, under the Court of Appeals' decision in Matter of Benzow, we must conclude that Local Law No. 10 was not subject to a mandatory referendum (see Matter of Golden v New York City Council, 305 AD2d 598, 599-600). While Municipal Home Rule Law § 23(2)(e) requires a referendum when a proposed law would change the method of nominating, electing, or removing an elective officer, or change the term of an elective office, the statute does not address the circumstance presented here, where a legislative body amends a local charter to extend the number of consecutive terms that a person may serve in an elective office.
In contrast to Matter of Benzow, the Court of Appeals' decision in Hoehmann v Town of Clarkstown (___ NY3d ___, 2023 NY Slip Op 02750) is not dispositive. In Hoehmann, the local law at issue set an eight-year term limit for all Town of Clarkstown elected officials and, crucially, required a supermajority vote of the Town Board of the Town of Clarkstown (hereinafter the Town Board) to repeal the law. The Court of Appeals indicated that it was undisputed that the Town Board was required to submit that local law to a mandatory referendum. Moreover, to the extent that the requirement of a referendum was considered, the Court of Appeals determined only that the local law was subject to mandatory referendum pursuant to Municipal Home Rule Law § 23(2)(f) because it "[a]bolishes, transfers or curtails [a] power of an elective officer." Here, there is no claim that a [*3]referendum was required pursuant to Municipal Home Rule Law § 23(2)(f).
In sum, the Supreme Court correctly determined that Local Law No. 10 was not subject to a mandatory referendum pursuant to the Municipal Home Rule Law.
The Supreme Court also correctly determined that the adoption of Local Law No. 10 did not violate ethics standards set forth in section C1A-6(A)(1) of the City Charter. That section prohibits a City officer or employee from using his or her official position or office, "or tak[ing] or fail[ing] to take any action, in a manner which he or she knows or has reason to know may result in a financial benefit for . . . himself or herself" (id.). "Financial benefit" is defined as any "pecuniary or material benefit including but not limited to any money, stock, security, service, license, permit, contract, authorization, loan, travel, entertainment, discount not available to the general public, real or personal property, or anything of value" (id. § C1A-4[I]). We agree with the court's determination that the term limit increase and the potentially concomitant salary is not the kind of "financial benefit" contemplated by the City's ethic rules. Any member of the general public can theoretically benefit from the extension of the term limits, and no candidate is guaranteed an election victory. The seat, salary, and office are potentially available to anyone who is eligible to run for office in the City. It should also be noted that the City Charter authorizes the City Council to vote, inter alia, on its own councilmembers' and the mayor's salary increases without that being considered a "financial benefit" (see id. §§ C3-3, C4-2). Accordingly, the adoption of Local Law No. 10 by the City Council did not contravene the City Charter's ethics rules (see e.g. Molinari v Bloomberg, 596 F Supp 2d 546, 579-580 [ED NY], affd 564 F3d 587 [2d Cir]).
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Westchester County, for the entry of an amended order and judgment, inter alia, declaring that the City was not required to hold a mandatory referendum pursuant to Municipal Home Rule Law § 23(2) before Local Law No. 10 became effective and that Local Law No. 10 is valid (see Lanza v Wagner, 11 NY2d 317, 334).
IANNACCI, J.P., WOOTEN, VOUTSINAS and WAN, JJ., concur.
ENTER:
z
Maria T. Fasulo
Clerk of the Court